HENRY KNIGHT

v.

G. W. GRIFFEY, for use, etc.

*Filed at Ottawa March 28, 1896.*

1. ACTION—*no concern of defendant who is named as usee in suit.* The obligee in an appeal bond has a legal right of action thereon, in case of its breach, for the use of any person for whom he chooses to bring it, and it is no concern of the defendant for whose use the action is instituted.

2. ASSIGNMENT—*of judgment carries appeal bond.* An assignment of a judgment carries with it a bond given on an appeal therefrom.

3. GARNISHMENT—*sufficiency of notice to garnishee of assignment of his creditor's claim.* Notice to a garnishee, before his answer but after the proceeding is begun, of an assignment of the claim of his creditor made anterior to the garnishment proceeding, is sufficient to protect the rights of the assignee.

*Knight* v. *Griffey*, 57 Ill. App. 583, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

G. W. & J. T. KRETZINGER, for appellant:

An appeal bond is not a collateral but an original and distinct undertaking. *Stelle* v. *Lovejoy*, 125 Ill. 358.

This court can enforce only legal assignments of choses in action. There could be no assignment of this appeal bond except by an instrument under seal. *Brown* v. *Dyer*, 7 Cush. 338; *Peabody* v. *Hoard*, 46 Ill. 242; *Watson* v. *Sherman*, 84 id. 263; *Chilton* v. *People*, 66 id. 501; *People* v. *Organ*, 27 id. 29; *Wood* v. *Partridge*, 11 Mass. 487; *Harman* v. *Harman*, 1 Bald. 129.

The words, "for the use, etc.," must be taken as superfluous and meaningless. *Barstow* v. *McLachlan*, 99 Ill. 641.

The filing of a paper assignment of a judgment with the clerk, or placing the same with the files in a disposed-of case, or making a minute thereof on the judg-

ment record, does not constitute constructive notice to the judgment debtor. *Henry* v. *Brothers,* 48 Pa. St. 70.

RUNNELLS & BURRY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Albert S. Knight appealed from a judgment recovered against him by Gustavus W. Griffey, and in order to perfect that appeal executed a bond, with appellant as surety. The judgment was affirmed by the Appellate Court, and this suit was brought upon the appeal bond, to recover for the non-payment of the judgment. The issues having been submitted to the court for trial without a jury, there was a finding for appellee and an assessment of his damages at $534.25, and judgment was entered accordingly. This judgment having been affirmed by the Appellate Court, a certificate of importance was granted, and thereupon a further appeal was prosecuted to this court.

Certain pleas in bar were filed, and it was also alleged, in the form of a plea, that subsequently to the commencement of this suit the defendant was served with garnishee process in an attachment suit commenced by LeRoy More, for the use of Frank W. Ferry, against Gustavus W. Griffey and Albert S. Wright, and it was prayed that this suit should be stayed until the final determination of said garnishee proceedings. No defense was made or attempted against the liability on the bond, but the contest at the trial was over the question whether defendant was liable in this suit or to the attaching creditor in the garnishee proceeding. It was admitted that the fact alleged as to the garnishee proceeding was true, and it was also agreed by the parties that William Burry, for whose use this suit is prosecuted, had appeared in that proceeding in pursuance of section 11 of the Garnishment act, and set up the assignment of the judgment to him and his rights, and that said proceeding was still pending.

The rights of the parties would be settled and Burry would be concluded in regard to his claim by the judgment on his interpleader, as provided in section 12 of the Garnishment act, but as no such judgment has been rendered, the fact of that proceeding did not constitute a bar to this. The defendant made no motion for continuance or stay of proceedings in this suit until the issues between the adverse claimants in the garnishee proceeding could be decided, but insisted at the trial, and now insists, that the court should have required the plaintiff to wait until the suit begun by More should be finally determined. There was no proper application for delay, but issues were made up and the question of the rights of the respective parties was tried in this case.

It is first contended that this suit could not be maintained for the use of William Burry because no valid assignment of the appeal bond to him was shown. The statute providing for the terms and conditions of appeal bonds provides that the obligee in such bond may, at any time, on a breach of the conditions thereof, have and maintain an action at law as on other bonds. The legal right of action was in Gustavus W. Griffey, and, so far as maintaining the suit against the defendant was concerned, Griffey might bring it for the use of whatever person he liked. Except as to the question raised by the garnishment proceeding, it was not necessary to prove any assignment of the bond upon which the suit was brought. It is no concern of a defendant in an action upon a bond for whose use the action is instituted. (*Atkins* v. *Moore*, 82 Ill. 240.) The beneficial plaintiff in an action at law has the right of control and management of the suit, and by statute judgment may be rendered against him for costs; but so far as the defendant is concerned, it is not necessary that such beneficial plaintiff shall show any interest or connection otherwise with the subject of the suit. But on the issue between the rival claimants a valid assignment of the appeal bond was

proved. The judgment against Wright was assigned by Griffey to Burry March 28, 1893, and that assignment to Burry carried with it the bond. (*Ullmann* v. *Kline*, 87 Ill. 268.) That assignment was prior to the commencement of the attachment suit, which was begun on February 23, 1894, so that the right of the assignee was superior to that of the attaching creditor.

But it is insisted that notice to the defendant was necessary to perfect the assignment, and that such notice was not given in time to preserve the rights of the assignee. The assignment was filed in the case wherein the judgment was rendered, April 10, 1893. This suit was commenced February 9, 1894, under the title "Gustavus W. Griffey, for the use, etc.," and the summons and declaration were in that form, not giving the name of any party for whose use the suit was brought. Summons was served February 10, 1894, in this case, and the process of garnishment was served February 26, 1894. On March 22, 1894, the defendant was personally notified of the assignment of the judgment to Burry, and the next day an order was entered in this cause amending all the papers and proceedings by changing the plaintiff to "Gustavus W. Griffey, for the use of William Burry." It is claimed that neither the filing of the assignment in the cause nor bringing the suit "for use, etc.," without naming any person, was notice to the defendant of any assignment. It is not necessary, however, to consider the question whether either of them could operate as notice, for the reason that the defendant had full and complete notice of the rights of the assignee before he had answered in the garnishee proceeding or made any payment or been subjected to any liability. This was done both by personal notice and by the filing of the interpleader. Notice to the debtor is not necessary to perfect an assignment. A garnisheeing creditor is merely substituted, by act of law, in place of his debtor, whose name must necessarily be used in an action at law to recover the

demand. In the absence of fraud such garnisheeing cred-
itor is on no better footing than his debtor. If notice is
not given, a debtor will be indemnified in any payment
made by him in ignorance of an assignment; but if he
has notice of the assignment before he makes his answer
as garnishee, notice will be in time. *Stevens* v. *Stevens*, 1
Ashmead, 190; *Stockton* v. *Hall*, Hardin, 168; *United States*
v. *Vaughn*, 3 Binn. 399; *Wakefield* v. *Martin*, 3 Mass. 558;
*Dix* v. *Cobb*, 4 id. 507.

The liability of defendant on the bond was unques-
tioned, and we find no error of law in the proceedings.
The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*