(No. 20734.—

THE STATE STREET FURNITURE COMPANY, Appellee, *vs.*
ARMOUR & Co., Appellant.

*Opinion filed June 18, 1931—Rehearing denied October 9, 1931.*

CHARLES J. FAULKNER, JR., and WALTER C. KIRK, for appellant.

KERN, STIEFEL & STIEFEL, (JACOB J. KERN, and CHARLES W. STIEFEL, JR., of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

An appeal was granted to the Appellate Court for the First District from a judgment obtained in the municipal court of Chicago in favor of the State Street Furniture Company, appellee, (herein called plaintiff,) against Armour & Co., appellant, (herein called defendant,) for a sum found due on an assignment of wages given to plaintiff by one of defendant's employees. The Appellate Court affirmed the judgment, and, because of the importance of the questions involved, issued a certificate of importance allowing an appeal to this court as provided by section 121 of the Practice act.

As a defense to the action brought by the plaintiff under its wage assignment the defendant filed an affidavit of merits, which, among other things, recited that the employee whose wages were involved had prior to the date of the assignment entered into a written contract with defendant as follows: "For and in consideration of my employment by Armour & Co. or any of its subsidiaries, I do hereby covenant and agree, as a part of my contract of employment, that I will not sell, transfer, set over or assign in any manner to any person or persons, co-partnership or corporation, any right to or claim for wages or salary, in whole or in part, due me or to become due me from Armour & Co., or any of its subsidiaries, under the said contract of employment without the consent in writing of Armour & Co.; that any right or claim I now have or may have to salary or wages, as aforesaid, shall not be assignable without the written consent of Armour & Co., and that any at-

tempted sale, transfer or assignment without such written consent shall be null and void." Prior to the date of the assignment the defendant had given written notice to numerous firms, including the plaintiff, that it had entered into such a contract with all of its employees and would no longer honor wage assignments. It was therefore the contention of the defendant that because of such contract and notice the subsequent assignment of wages without its consent was null and void. On motion of the plaintiff the trial court struck the defendant's affidavit of merits because it failed to set forth any legal defense to the statement of claim. The defendant elected to stand on its affidavit of merits, and upon its refusal to plead further a default was entered against it, followed by an assessment of damages and judgment.

The principal question presented is whether the affidavit of merits filed by the defendant stated a legal defense to the plaintiff's claim. In other words, by reason of the employment contract was the assignment of wages void, since the written consent of the defendant was not obtained thereto? The determination of this question is of great importance to all mercantile firms which sell goods on the installment plan.

The right of an employee to make an assignment of his wages has long been recognized in this State, and the privilege of using and contracting for the disposal of wages is both a liberty and a property right. (*Massie* v. *Cessna,* 239 Ill. 352; *Off & Co.* v. *Morehead,* 235 id. 40; *Western Theological Seminary* v. *City of Evanston,* 325 id. 511.) "Property" includes every interest in any and everything subject to the ownership of man, and the right to dispose of that interest is a property right. (*Bailey* v. *People,* 190 Ill. 28.) The relationship between employer and employee with respect to unpaid wages is that of debtor and creditor, and the right of the employee to those wages is a chose in action and as such may be assigned. (*Monarch Discount*

*Co.* v. *Chesapeake and Ohio Railway Co.* 285 Ill. 233.) This court has not only held that assignments of wages may be enforced as to past services, but has also sanctioned such assignments as to wages to be earned in the future under an existing employment if such assignment is made for a valuable consideration and untainted with fraud. *Mallin* v. *Wenham,* 209 Ill. 252.

Wage assignments are also expressly recognized and the rights of wage earners sought to be protected by different statutory provisions in this State. (Smith's Stat. 1929, chap. 32, secs. 351-353, p. 780; chap. 74, sec. 16, p. 1743.) By an act of May 13, 1905, the legislature undertook to prescribe conditions and restrictions upon wage assignments, but this court in *Massie* v. *Cessna, supra,* held the act void because it contravened section 2 of article 2 of the constitution of this State, which provides that "no person shall be deprived of life, liberty or property, without due process of law." It was there held: "The right to labor for and to render services to another, and the right to dispose of the compensation to be received for so doing, are property rights within the meaning of the language just quoted from the constitution. It is at once apparent upon an examination of this statute that it abridges the right of the man who earns a salary and the right of the man who earns wages to contract with reference thereto." Thus by our statutes and court decisions the general right of an employee to assign his wages as security for a debt has long been recognized in Illinois.

The contract relied upon to defeat the judgment in this case contained no absolute denial of the employee's right to make an assignment of his wages. It only specified that such wages should not be assigned without the written consent of Armour & Co. and that unless such consent was obtained the assignment should be null and void. It is not necessary to have the consent of an employer to make a valid assignment of wages where the assignment is of the

entire claim. (2 R. C. L. p. 624.) Section 18 of the Practice act makes no requirement that the debtor shall consent to the assignment before the assignee can bring his action to recover the debt due the assignor, nor is such a requirement to be found in the decisions of this court. (*Knight* v. *Griffey,* 161 Ill. 85; *Williams* v. *West Chicago Street Railroad Co.* 199 id. 57.) The right of the assignee to institute suit to recover the salary or wages of an employee is the same as that of the employee himself. (*Monarch Discount Co.* v. *Chesapeake and Ohio Railway Co. supra.*) The fact that the defendant sent out a circular notifying the plaintiff and others that it would not consent to an assignment of wages given by any of its employees is of no legal effect, as such consent was not necessary to the validity of the assignment. Since the consent of the employer was not necessary to make the assignment valid the withholding of consent cannot make the assignment void, otherwise the power to withhold consent would be the power to destroy valuable property rights, contrary to the doctrine enunciated in *Massie* v. *Cessna, supra.*

It is argued at great length by the defendant that the employee may waive his right to make an assignment of his wages unless consented to by the employer and that such contracts between employer and employee should be upheld. On the contrary it is vigorously contended by the plaintiff that such contracts restricting or prohibiting the right of employees to freely assign the fruits of their labor are void as against public policy. The issues in this case do not require the determination of any such questions of public policy. This is a suit by an assignee of wages due from the assignor's employer. The relationship of the parties to this suit is that of debtor and creditor, since the assignee stands in the shoes of the employee as to the latter's wages due from the employer. There was no privity of contract between the assignee and the employer. They were relying upon two separate contracts with the employee, to each

of which one or the other was not a party. The contract of the employee with Armour & Co. not to assign his wages without its consent was not binding upon the assignee, who was not a party to the agreement. After a contract has been fully executed and nothing remains to be done except to pay the money the claim becomes a chose in action, which is assignable and enforceable under section 18 of the Practice act. (*Ginsburg* v. *Bull Dog Auto Fire Ins. Ass'n,* 328 Ill. 571.) A violation of an employee's agreement with his employer may provide ground for the employee's discharge or other action by the employer but cannot control the disposition of moneys earned under the contract of employment. *Bank of Harlem* v. *City of Bayonne,* 48 N. J. Eq. 246, 21 Atl. 478.

The defendant further asserts that a partial assignment of a debt due or to become due cannot be made without the consent of the debtor. But the assignment here is of the entire claim and no question of partial assignment of a debt due or to become due is involved. Where the assignment is of the entire claim the consent of the debtor is not required, as it is of no concern to the defendant in whose name the suit for wages due the employee is instituted. (*Williams* v. *West Chicago Street Railroad Co. supra; Knight* v. *Griffey, supra.*) Where the employer owes the employee for wages earned, the contract of employment has, as to the wages earned, ceased to be a bilateral contract with mutual rights and duties. It has then become a unilateral contract or debt, with an absolute obligation on the part of the employer to pay and an absolute right on the part of the employee to receive his pay. (*Ginsburg* v. *Bull Dog Auto Fire Ins. Ass'n, supra.*) When one has incurred a debt, which is property in the hands of the creditor, the debtor cannot restrain its alienation as between the creditor and a third person any more than he can forbid the sale or pledge of other chattels. A debt is property, which may be sold or assigned, subject to the ordinary rules of the

common law in determining the rights of the assignee, and, when untainted with fraud, its sale offers no ground for complaint by the debtor. *Portuguese Bank* v. *Welles,* 242 U. S. 7; *Bank of Harlem* v. *City of Bayonne, supra.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*