GLADNEY, Judge.
Plaintiff instituted this suit to compel enforcement of an alleged assignment to plaintiff by one Posey of a portion of the indebtedness due the latter by defendant. Defendant filed an exception of no cause or right of action predicated upon the grounds that plaintiff’s petition discloses the purported assignment was not accompanied by defendant’s acceptance and is, therefore, not enforceable under Louisiana law. From a judgment of the lower court sustaining the exception of no cause of action, plaintiff prosecutes this appeal.
The pertinent provisions of appellant’s petition are as follows: One L. H. Posey was indebted to appellant in the amount of $2,364.97; defendant, for whom Posey was performing a certain construction project, became indebted to Posey for a sum in excess of the above amount; Posey executed and delivered to plaintiff on April 18, 1960, an assignment by notarial act of $2,364.97 of the monies due Posey by defendant in connection with the aforesaid project; defendant declined to acknowledge said assignment but through its employee, Hamm, assured plaintiff that arrangements would be made for plaintiff to receive its money upon final settlement of the Posey account; on May 4, 1960, plaintiff, having received no satisfaction on the assignment, informed Posey that it might resort to filing a mate-rialman’s lien on the project, whereupon defendant paid $1,094.49, a portion of the contract price due Posey, to plaintiff in exchange for plaintiff’s written waiver of lien rights on the project; on September 12, 1960, defendant proceeded to a settlement with Posey whereby $660.89 was paid to plaintiff and a balance of some $800 to Posey. Posey, thereafter filed a petition in bankruptcy; and as a consequence of defendant’s payment of the aforesaid balance, plaintiff has been deprived of $609.-59, the amount outstanding under the purported assignment.
Plaintiff’s assignment of error to the lower court’s ruling on the exception of no cause of action is predicated upon the grounds that the petition alleges defendant’s acceptance of the partial assignment (1) through the assurances of one Plamm, defendant’s employee, and (2) by defendant’s repeated execution of partial payments of the debt owed plaintiff. It is further averred that plaintiff by forfeiting its lien rights has relied to its detriment upon the assurances of Hamm, and that, therefore, defendant should be estopped from asserting the defense of unaccepted partial assignment.
Our jurisprudence is replete with authority for the proposition that:
"It is a general rule of law that a debt cannot be divided by the creditor and partially assigned, without the debtor’s consent, and thereby subject the debtor to separate actions. He is entitled to discharge the obligation as an entirety, according to his agreement. And, where a transfer of a part of the debt is attempted without the consent or ratification of the debtor, although notice thereof has been furnished to him, he has the right to ignore the transfer and settle the entire indebtedness with the original creditor.” Salter v. Walsworth, La.App. 2 Cir., 1936, 167 So. 494, 496; Rome v. London & Lancashire Indemnity Co., La.App. Orleans 1936, 169 So. 132; Stein v. Williams Lumber Co., La.App. Orleans 1948, 36 So.2d 62; Marmol v. Wright, La.App. Orleans 1953, 62 So.2d 528; Staples v. Rush, La.App. 2 Cir., 1957, 99 So.2d 502; LSA-C.C. arts. 2109, 2111, 2153.
*926 The debtor may, however, consent to or ratify an assignment of a portion of the debt and thereby render himself liable to the respective assignees to the extent of the division of the debt in favor of each. King v. Havard, 1826, 5 Mart., N.S., 193; Mourton v. Robertson, 1832, 3 La. 439. The last two cited cases are relied upon by appellant as authority for its contention that Shreveport Plumbing Company has accepted the alleged partial assignment.
In Mourton v. Robertson, it was stated that the defense to an action on a partial assignment
“ * * * would probably be entitled to great weight, had the defendant refused absolutely to acknowledge the plaintiff’s rights as transferred, but after having agreed to pay according to the transfer, as evidenced by his payment of a part, we think it ought not now to be allowed to have any influence on the cause.” Id., at pages 439-440.
Appellant maintains that the allegations of the petition establish an identical situation in the instant case, to-wit: partial payments made by defendant had the effect of evidencing its agreement to pay according to the transfer. To this we can not agree. In the Mourton case the court found an agreement by the debtor and the creditor’s assignee whereby the former agreed to pay according to the transfer. That agreement was evidenced by the debtor’s partial payment. However, defendant herein not only failed to agree to the assignment, but, as is alleged in the petition, specifically refused to become a party to the assignment. Nor can the mere fact of partial payments be construed as supplying defendant’s agreement, for the petition discloses that the payment of $1,094.49 on May 4, 1960, was in consideration of appellant’s waiver of lien rights. Defendant’s final payment of $660.89 was made upon settlement of the Posey account and conforms to plaintiff’s allegation that defendant’s employee, Hamm, promised that on the date of settlement he would cooperate with plaintiff’s collection efforts.
We can not, therefore, ascribe to defendant’s partial payments the consequences for which plaintiff contends. Not only does the petition specifically allege defendant’s refusal to agree to the assignment tendered, but the allegations therein also demonstrate the motivation for each of the partial payments, which motivations are inconsistent with an intention to accept the assignment.
The case of King v. Havard, supra, is relied upon by appellant as authority for the proposition that a debtor’s acceptance of a partial assignment is established by his statement that he will pay. We have no quarrel with this proposition. However, in our opinion plaintiff has not alleged such a statement by defendant. The pertinent portion of the petition reads as follows:
“That said assignment was delivered to defendant and it was asked to acknowledge said assignment; this defendant declined to do, but through its employee, Hamm, it was stated that Posey was entitled to about $3,000.00 from defendant; that defendant had already had to pay out approximately $675.00 for some materials on the job for Posey, payment for which defendant had guaranteed; that he, Hamm, would keep the original of the said assignment in Posey’s file and when settlement date with Posey came, he, Hamm, would get in touch with Pelican and arrangements would be made for petitioner to get its money;”
Manifestly, defendant did not refuse the assignment and, in the same breath, so to speak, agree to be bound pursuant thereto. The aforequoted allegation does not, in fact, allege that Hamm represented defendant’s agreement to pay, but merely that arrangements would at that time be made for plaintiff to get its money. Such an expression of cooperation is clearly dis *927 tinguishable from an agreement to assume liability for payment, and the petition discloses that defendant did in fact cooperate with plaintiff to the extent of securing to plaintiff some $660.89 from the amount due Posey.
In our opinion, the contemplated arrangements alleged upon by plaintiff can not be construed as effecting that which defendant had expressly rejected, to-wit: acceptance of the assignment. The possibility that exceptional circumstances may, in the absence of an expressed acceptance or rejection of an assignment, have the effect of creating an implied acceptance thereto is unnecessary for us to now decide, for the allegations of plaintiff’s petition have not, in our opinion, demonstrated any circumstances from which we could conclude that defendant agreed to the assignment. On the contrary, the express refusal to acknowledge is conclusive of this inquiry.
The final issue for our disposition is that raised by appellant’s contention that the representations of Hamm caused appellant to rely thereon to its detriment, and that, consequently, defendant is estop-ped from asserting a defense predicated upon unacknowledged partial assignment. This contention is not well founded, for the petition demonstrates clearly that plaintiff’s waiver of lien rights was effected in consideration of defendant’s payment of $1,-094.49 on May 4, 1960, hence, no showing of detriment to plaintiff is established by the allegations.
For the foregoing reasons, the judgment from which appealed is affirmed at appellant’s costs.