SHARP, Judge.
Space Coast Credit Union appeals from a final judgment denying its request to require the appellee, Walt Disney World, to comply with a partial voluntary wage assignment executed by Montgomery, a Disney employee, in favor of the appellant. The court relied on the stipulated facts recited in the Credit Union’s petition in holding that there is no common law or statutory requirement in Florida imposing a duty on the part of an employer to honor the voluntary wage assignment involved in this case. We affirm the final judgment but reverse the attorney’s fee awarded to the appellee under section 57.105, Florida Statutes (1983). Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), review denied, 392 So.2d 1373 (Fla.1980).
The record establishes that the Credit Union obtained a final judgment totaling $1,979.43 against Montgomery in April of 1981. In April of 1982, Montgomery executed a document entitled “Amended Assignment of Earnings for Payment of Final Judgment,” in favor of the Credit Union. It directed Walt Disney World to deduct from his wages and pay to the Credit Union $20.00 per week, commencing February 25, 1982 through June 30, 1984; and he expressly waived all of his exemptions under Florida law.
Montgomery was an employee of Walt Disney World in 1982, and continued to be employed through the date the petition was *36 filed in this case. Notice of the assignment was mailed to Disney, but it refused to comply with it. It paid nothing to the Credit Union, and there was no allegation or proof that it agreed or consented to the assignment.
This is apparently a case of first impression in Florida. Florida prohibits voluntary wage assignments to secure a loan made under the Florida Consumer Finance Act,[1] but this is not such a transaction. Further, Florida impliedly recognizes that voluntary wage assignments may exist, since it taxes such assignments under the provision of its excise tax on documents statute.[2]
We think given the Florida statutes on this subject matter, voluntary wage assignments exist under Florida’s common law, as they do in other jurisdictions. 4 Fla. Jur.2d Assignments § 8 (1978); see Alldritt v. Kansas Centennial Global Exposition, Inc., 189 Kan. 649, 371 P.2d 181 (1962). At common law, wage assignments are treated as any other chose in action, and the general law of assignments applies, except when changed by statute. Annot., 1 A.L.R.3d 927 (1965); 6 Am.Jur.2d Assignments § 46 (1963).
However, it is also well established that if the assignment is partial only, it cannot be enforced against the debtor, or the employer, without his consent, or the joinder in an equitable proceeding of all persons entitled to the various parts of the total debt.[3] Neither event occurred in this case. Restatement (Second) of Contracts § 326 (1981) provides:
(1) Except as stated in Subsection (2), an assignment of a part of a right, whether the part is specified as a fraction, as an amount, or otherwise, is operative as to that part to the same extent and in the same manner as if the part had been a separate right.
(2) If the obligor has not contracted to perform separately the assigned part of a right, no legal proceeding can be maintained by the assignor or assignee against the obligor over his objection, unless all the persons entitled to the promised performance are joined in the proceeding, or unless joinder is not feasible and it is equitable to proceed without joinder.
The Comment to section 326 states, in relevant part:
Historically, the right of a partial assign-ee could be enforced only by a suit in a court of equity and it was therefore sometimes described as an “equitable” right. But the right of a total assignee also had historically an “equitable” character. Under the rule stated in Subsection (1), a partial assignment and a total assignment are equally effective, subject to the protection of the obligor under the rule stated in Subsection (2).
The rationale for this rule is that the debtor, here the employer, should not be subjected to multiple suits or claims not contemplated by the original assigned contract. Annot., 80 A.L.R. 413, 414 (1932); 6 Am.Jur.2d Assignments § 76 (1963). The debtor’s objection to a partial assignment may be asserted as in this case, by a rejection of the claim, 6 Am.Jur.2d Assignments § 76 (1963), and an absence of proof of consent;[4] or a showing of hardship on the part of the debtor-employer, in complying with the partial assignment.[5] Since it is clearly established in this case that Walt Disney World did not consent to this partial wage assignment, it was entitled to ignore it, and to pay Montgomery pursuant to its original undertaking under his contract of employment.[6] Therefore, the judgment in *37 this case is affirmed except that portion awarding attorney’s fees.
AFFIRMED IN PART, REVERSED IN PART.
DAUKSCH, J., and BOARDMAN, E.F., Associate Judge, concur.

. § 516.17, Fla.Stat. (1983).

. § 201.08(1), Fla.Stat. (1983).

. Corbin, A., 4 Corbin on Contracts, § 889 (1951).

. See State Street Furniture Co. v. Armour & Co., 345 Ill. 160, 177 N.E. 702 (1931); Pacific Mills v. Textile Workers’ Union of America, 197 S.C. 330, 15 S.E.2d 134 (1941).

. See Orr Cotton Mills v. St. Mary’s Hospital, 203 S.C. 114, 26 S.E.2d 408 (1943).

. Pelican Supply Co. v. Shreveport Plumbing Co., 128 So.2d 924 (La.2d Cir.1961); In Re Fine Paper Litigation State of Washington, 632 F.2d 1081 (3rd Cir.1980).