City of Chicago in Trust for the Use of Schools, and National Baking Company, Plaintiffs-Appellees, v. Jerome A. Fischer, et al., Defendants-Appellants.

## Gen. No. 49,565.

First District, Fourth Division.

September 9, 1964.

Rehearing denied October 5, 1964.

John D. Vosnos, of Chicago, for appellants.

Marvin L. Tratner, of Chicago, for National Baking Co., appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court:

These are appeals from a judgment ordering the County Treasurer to pay $800 to National Baking Company.

In an eminent domain proceeding filed on February 13, 1963, Vasos was made a defendant.

On June 26, 1963, a judgment in the condemnation proceeding was entered adjudging the compensation due "to the owner or owners of and party or parties interested in said real property"; ordering a payment to the County Treasurer within 180 days and decreeing that upon the payment of the adjudged compensation, the petitioner in the condemnation proceeding would become vested with absolute title. This judgment does not adjudicate which specific person is entitled to the compensation, it merely fixes the amount to be paid generally "to the owner or owners of and party or parties interested in said real property" and orders a deposit with the County Treasurer.

██ As stated in County of Cook v. Vander Wolf, 394 Ill 521, 69 NE2d 256, the treasurer holds the money in trust for the owners thereof who may compel payment by petition or other legal proceeding.

On July 12, 1963, the compensation was deposited with the County Treasurer.

On October 1, 1963, the court heard the counterpetition of Vasos alleging that he had an interest in the property under a lease with an unexpired term of nine and one-half years.

By stipulation the court ordered the County Treasurer to pay Vasos from the deposited award the sum of $800 for his leasehold interest.

56

On December 10, 1963, the National Baking Company filed a petition alleging that it was a judgment creditor of Vasos by virtue of a judgment in the amount of $1450.50 entered in the Municipal Court of Chicago on May 31, 1963, in its favor and against Vasos, and requesting the court to direct the County Treasurer to pay it the $800 which was still held by the County Treasurer for Vasos. Jurisdiction of the court which entered the condemnation judgment was invoked under Chapter 47, Section 14, of the Smith-Hurd Annotated Statutes:

> Should payment be made to the county treasurer, as is in this section provided, the court in the same eminent domain proceeding in which the award is determined shall have exclusive jurisdiction to hear and determine all conflicting claims to the compensation so paid to the county treasurer except where the parties claimant are engaged in litigation in a court having acquired jurisdiction of said parties with respect to their rights in the property condemned prior to the time of the filing of the petition to condemn, a payment by the county treasurer pursuant to the order of court determining such conflicting claims shall be a full acquittance to him. Appeals may be taken from any order determining such conflicting claims as in other civil cases.

Vasos' appeal is predicated upon what he contends is the inapplicability of Section 14 and the unenforceability of any lien which accrued after the filing of the condemnation proceeding. He relies principally on the following statement from the case of City of Chicago v. McCausland, 379 Ill 602, 606, 41 NE2d 745:

> The statute, as well as the decisions of this court, however, require ascertaining value of the prop-

erty taken as of the date of the commissioners' report, and the net money that one will receive is determined as of the liens existing at that date. (City of Chicago v. Collin, supra; Turk v. City of Chicago, 352 Ill 171.) However, the municipality has the right, after the final judgment is entered, to abandon the proceeding, so there is no certainty that the land proposed to be taken will become subjected to a public purpose. It is therefore reasonable and necessary for the taxing authorities to continue to assess the property involved, but when the money is actually paid, which is the event that completes the taking, the title acquired relates back to the time when the commissioners made their report, and it is only the liens that existed at that time that are liens against the fund.

. . . . . .

It has been held in other eminent domain cases that liens accruing after the date for fixing the value has passed, are subject to being avoided by the completion of title on payment of the award. To permit taxes of subsequent years to be charged as a lien against just compensation for land, title to which relates back to a time before their assessment, would infringe the constitutional provisions that property shall not be taken for public use without just compensation.

It is evident to us that the principle "and it is only the liens that existed at that time that are liens against the fund" refers only to tax liens because, as explained in the first portion of the quotation, the net money to be received by the condemnee is determined as of the time the valuation is made. This perforce relates only to liens which would affect the condemnee.

To fully understand Section 14 of the Eminent Domain statute, we refer to that numbered section as

it existed prior to 1955 when it provided that "payment of compensation adjudged may, in all cases, be made to the county treasurer, who shall, on demand, pay the same to the party thereto entitled, taking receipt therefor," etc.

In interpreting this old section the court in City of Chicago v. McDonough, 351 Ill 200, stated on page 204, 184 NE 322:

> The filing of a petition to ascertain compensation to be paid for property required for public use does not oust every other court of jurisdiction, lawfully acquired, to determine conflicting claims concerning the property not in any manner interfering with the appropriation of the property to a public use. (City of Chicago v. Gage, 268 Ill 232.) A lienholder is thus not required to litigate his claim in the condemnation proceeding but may apply to a court of chancery to protect or preserve an equitable lien in funds arising from condemnation awards to the extent of his claim. (Aldrich v. Ederer Co. 302 Ill 391; Hooper v. Finlay, 331 id. 132.) And as between conflicting claimants, an action of assumpsit for money had and received will always lie whenever one person has received money which belongs to another and which in equity and justice should be returned. (Leigh v. American Brake-Beam Co. 205 Ill 147; Wilson v. Turner, 164 id. 398.) The determination of conflicting claims in the money award might in some cases involve a dower or freehold interest, . . .

In 1955, Section 14 was amended to vest "exclusive jurisdiction to hear and determine all conflicting claims to the compensation so paid to the county treasurer" in the court in which the award was determined. It also provided that payment by the County Treasurer pursuant to the order of court was a full acquittance.

59

■ The legislature clearly intended by the 1955 amendment to prevent multifarious actions and to protect the County Treasurer from lawsuits from many courts and to acquit him when he paid out money under an order from the court which heard the eminent domain proceeding.

Vasos urges that the court had no jurisdiction because the National Baking petition was not filed within 30 days after the entry of the order on Vasos' counterpetition. Section 1 of the Civil Practice Act exempts eminent domain proceedings from its application. The provisions of the Eminent Domain statute do not set out any limitation on the filing of claims against the award money and we therefore hold that until the County Treasurer pays out the compensation a claim may be filed.

■ In the instant case, the court properly found that Vasos had an interest in the real estate at the time the judgment in favor of National Baking was entered in the Municipal Court. (Ill Rev Stats c 77, §§ 1 and 3.) Thus that judgment was a lien against Vasos' interest in the real estate (Ill Rev Stats c 37, § 423) which was transferred to the compensation award when it was deposited with the County Treasurer (City of Chicago v. Collin, 302 Ill 270, 275, 134 NE 751). Therefore the order to the County Treasurer to pay the $800 to National Baking was correct.

The second appellant is John D. Vosnos who filed a petition on January 7, 1964, alleging that he was the attorney for Vasos; that he was the holder of an Assignment of Award from Vasos in the amount of $800 which had been executed by Vasos on October 10, 1963; that his claim was superior to that of National Baking Company and that the County Treasurer be ordered to pay the $800 to him.

■ Having found that National Baking had a lien paramount to that of Vasos, the court properly held

that the Assignment of Award by Vasos to Vosnos was of no effect since the assignment operates to place the assignee in the shoes of the assignor. Reeve v. Smith, 113 Ill 47, also ILP Assignments, Sec 52.

The judgments of the Circuit Court are affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.