*18 OPINION OF THE COURT
Hilda G. Schwartz, J.
Defendant Frank Winter and his wife, Margaret Winter, move for an order vacating the order of attachment dated September 25, 1975 releasing from the Sheriffs custody the sum of $20,924.59, plus interest; and directing he pay over said sum to Margaret Winter or, in the alternative, to defendant Frank Winter. He also applies for counsel fees.
The movant Frank Winter was employed by the plaintiff Helmsley-Spear, Inc., for over 16 years through May 20, 1975. At the termination of his employment, he was a vested beneficiary of an employees’ profit-sharing trust (Pension Trust) created by Helmsley-Spear, Inc., entitled "HelmsleySpear, Inc. Employees’ Profit Sharing Plan and Trust”. Defendant Frank Winter contends that the trust instrument specifically provided that beneficial interests thereunder were exempt from attachment. He further argues that CPLR 5205 (subds [c], [d], par 1) as well as the Federal Employee Retirement Income Security Act of 1974 (US Code, tit 29, § 1001 et seq.; § 1056, subd [d]) exempt from attachment a vested beneficial interest held in a trust created by another.
The underlying action is by plaintiff Helmsley-Spear, Inc., against defendant Winter to recover the sum of $665,549.40 and in various amounts against other defendants for their alleged participation with Winter in a scheme to defraud plaintiff including, as an officer of the company, the alleged approval of fictitious invoices and receipt of moneys therefor. On September 25, 1975 a prejudgment order of attachment was issued (Hughes, J.) to plaintiff against defendant Winter. Pursuant to said order of attachment, the Sheriff levied upon defendant’s real property which was sold at foreclosure. The surplus funds are presently being held by the Commissioner of Finance or by the Sheriff of Westchester County. Such levy has been extended by orders of the court to and including December 8, 1979. Thereafter, in or about November, 1976, an additional levy was made by the Sheriff of New York County on the interest of defendant in the Helmsley-Spear, Inc. Employees’ Profit Sharing Plan and Trust, pursuant to which levy the Pension Trust delivered to the Sheriff, on or about April 25, 1977, the sum of $20,924.59, representing Winter’s interest in the Pension Trust.
The order of attachment was made in 1975 and the levy on *19 the trust moneys in 1977, over two years ago. This is the first application to vacate or modify that attachment and levy.
On or about August 6, 1976 defendant Winter was convicted after trial of grand larceny, second degree, predicated on two checks aggregating $8,584.36. Plaintiff then moved for summary judgment and on March 28, 1978 this court (Helman, J.) granted partial summary judgment in the amount of $8,584.36.
It is not disputed that the pension proceeds were funded entirely by the plaintiff and that the contributions were based upon the earnings of the defendant Winter while in plaintiff’s employ. Plaintiff urges that the spendthrift provision of the trust instrument should be interpreted in the instance at bar, so as to prevent the defendant from reaping the fruits of the fraud with which he has been charged.
Defendant Winter was himself a trustee of the Pension Trust. Plaintiff claims that after Winter’s termination, on two separate occasions, he assigned a portion of his beneficial interest and thereby acquiesced in the trust fund retaining his interest. Plaintiff argues that although Winter secured benefits of the assignments, he now seeks to disavow them so that his beneficial interest will flow to his wife who was the designated beneficiary.
The Employees’ Profit Sharing Plan established by Helmsley-Spear, Inc., for the benefit of its employees provided (§ 3.6): "Inalienability of beneñts: The right of any person to receive any payment from the trust fund becoming payable to him under the provisions of this Plan shall not be subject to alienation or assignment and if such person shall attempt to assign, transfer or dispose of such right, or should such right be subjected to attachment, execution, garnishment, acquestration or other legal, equitable or other process, it shall ipso facto pass and be transferred to such one or more as may be appointed by the Committee from among the beneficiaries, if any, of the participant”.
Plaintiff contends that section 3.6 of the trust, prohibiting assignment or attachment was a spendthrift provision, the purpose of which was described in Matter of Knauss (204 Misc 207, 208): "The restraint on the alienation of the right to income from trusts, imposed by section 15 of the Personal Property Law and section 103 of the Real Property Law, represents a declaration of the public policy of the State. Its purpose was to enable a testator to protect the beneficiary of *20 the income from his own improvidence.” (Cf. Matter of Caswell, 185 Misc 599, affd 269 App Div 809.)
While recognizing the public policy supporting the spendthrift trust, the courts have nevertheless found exceptions whereby such a trust may be subjected to attachment or execution to further a move compelling public policy. (Matter of Chusid, 60 Misc 2d 462; Restatement, Trusts 2d, § 157.) A comment to section 157 of the Restatement of Trusts Second states: "The interest of the beneficiary of a spendthrift trust or a trust for support may be reached in cases other than those herein enumerated, if considerations of public policy so require. Thus it is possible that a person who has a claim in tort against the beneñciary of a spendthrift trust may be able to reach his interest under the trust.” (Emphasis added.)
It may well be held that it is against public policy to permit the beneficiary of a spendthrift trust to enjoy an income under the trust without discharging his tort liabilities to others. (2 Scott, Trusts [3d ed], § 157.5, p 1230.)
When the pension fund was created, it was intended to provide retirement and other benefits to employees for faithful performance. Section 2.2 provided that each participant’s credit for any year shall consist of one credit for each full year of employment and one credit for each $100 of compensation received from the company. Defendant’s conviction establishes that during the course of his employment, he was not acting in the best interests of his employer. It must be concluded that Winter’s interest in the fund was fraudulently obtained and plaintiffs contributions would not have been made if it had prior knowledge of the thefts.
If a spendthrift trust is available to satisfy a tort claim, it would be a fortiori inequitable to allow one who has been convicted of stealing from his employer to invoke such a provision to escape his obligations to make whole the employer who has suffered the depredations.
An employee not only must account to his principal for secret profits, but he also forfeits his right to compensation for services rendered by him if he proves disloyal. (Lamdin v Broadway Surface Adv. Corp., 272 NY 133; Murray v Beard, 102 NY 505; Byrne v Barrett, 268 NY 199.)
Unlike other employee pension plans, restricted by the Federal Employee Retirement Income Security Act of 1974 ("ERISA”) which requires that any employee pension plan must provide against assignment or alienation (US Code, tit *21 29, § 1056, subd [d], par [1]), it is contended the contributions for Mr. Winter’s benefit were obtained by fraud. In National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3 (93 Misc 2d 590) the court held that enforcement proceedings to satisfy a judgment by the attachment of up to 10% of the monthly union pension benefits paid to the judgment debtor are not pre-empted by ERISA.
The movants for over 3Vz years after the issuance of the order of attachment and nearly 2 years since the trust funds were turned over to the Sheriff made no attempt to vacate or modify the attachment. As to comovant, no appointment has ever been made by the committee among the beneficiaries and no interest has vested in her. Consequently, she has no standing to demand that the funds be paid over to her.
Defendant’s motion for an order vacating the order of attachment entered on September 25, 1975 and directing the Sheriff of the City of New York to release the funds in his custody to the defendant or the comovant, and defendant’s application for attorneys’ fees are denied in all respects.