T. J. KENNEDY, D.C., *et al.*, Plaintiffs-Appellants, v. DEERE & COMPANY, Defendant-Appellee.

Third District  No. 3—85—0247

Opinion filed April 3, 1986.—Rehearing denied May 19, 1986.

Francis Van Hooreweghe, of Van Hooreweghe, Fackel & Thuline, of Moline, for appellants.

Hubbard B. Neighbour and Robert A. Latham III, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiffs are chiropractors who sued in the circuit court of Rock Island County to recover unpaid charges for services rendered to patients who are participants or beneficiaries of defendant Deere and Company's health insurance plan. Subsequent to the initial filing by plaintiff Kennedy, several similar complaints were brought by other providers of chiropractic services. The suits were consolidated in the circuit court of Rock Island and will be referred to in the singular for purposes of this disposition. After several amendments, the suit emerged as a two-count complaint alleging breach of contract and discrimination in payments, and claiming benefits payable pursuant to section 1132(e)(1) of the Federal Employee Retirement Income and Security Act (ERISA or the Act) (29 U.S.C. sec. 1132(e)(1) (1982)).

Plaintiffs allege that they are assignees of their patients' claims for benefits under defendant's health care plan which is regulated by ERISA and that in each instance the patient has also signed a claim form, provided by defendant for its employees' convenience, authorizing payment directly to the health care provider. On motion of defendant, and relying on the holding and reasoning of *Cameron Manor, Inc. v. United Mine Workers of America* (W.D. Pa. 1983), 575 F. Supp. 1243, the trial court dismissed plaintiffs' complaint on the ground that plaintiffs lacked standing to sue under section 1132(a)(1)(B) of the Act. That section, in pertinent part, provides:

"(a) A civil action may be brought—

(1) by a participant or beneficiary—
***

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ***." 29 U.S.C. sec. 1132(a)(1)(B) (1982).

The issue presented for our review is whether the execution of forms authorizing the employer to pay benefits directly to a provider and purporting to transfer the right to claim health benefits under an employees' health care plan covered by ERISA confers on the provider the right to sue pursuant to section 1132(a)(1)(B) of the Act. For purposes of our review, all facts well pleaded in plaintiffs' complaint are regarded as true and admitted. *Sturm v. Block* (1979), 72 Ill. App. 3d 306, 390 N.E.2d 912.

Resolution of the issue before us begins with our consideration of the *Cameron Manor* opinion. There, the Federal district court ruled that plaintiff, a nursing care facility, was precluded from bringing suit under ERISA because it was neither a "participant" nor a "beneficiary" of an employee benefit plan. The court considered the plaintiff provider's contention that it was a "beneficiary" entitled to file a civil suit under section 1132(a)(1)(B). The term "beneficiary" is defined in section 1002(8) of the Act to mean "a person designated by a participant or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." (575 F. Supp. 1243, 1245, quoting 29 U.S.C. 1002(8).) The court then explained that " '[b]eneficiary' in the context of the various provisions of ERISA carries the connotation of a person, other than the employee-participant, who is covered by the plan's provisions—*e.g.,* a spouse or dependent. Furthermore, the act of 'designation' would appear to be such formal election as that contained in 29 U.S.C. sec. 1055, rather than the patient's choice of facility." The court continued, "[T]he declared purpose of the Act is to protect and educate those persons covered by such plans, and there is no indication that Congress intended by this statute to insure that health care facilities be paid. While Plaintiff may indeed be entitled to a 'benefit' through operation of the plan—*i.e.,* payment for services—we conclude that the term as employed in the statute does not permit of a construction broad enough to include a provider of health services to participants. See, *Hibernia Bank v. International Brotherhood of Teamsters,* 411 F. Supp. 478 (N.D. Cal. 1976); *National Bank of North America v. Local 553 Pension Fund,* 463 F. Supp. 636 (E.D. N.Y. 1978)." 575 F.

Supp. 1243, 1245-46.

Defendant here urges a broad reading of *Cameron Manor* to preclude all suits by providers, at least to the extent that such providers are selected by the employee, rather than by the employer. In so arguing, defendant acknowledges that, unlike the plaintiffs in this case, plaintiff in *Cameron Manor* did not allege that it was an assignee for purposes of claiming benefits payable under the employer's health care plan or that it had written authorization to receive payments directly from the plan. Defendant attempts to dismiss this distinguishing factor by characterizing the execution of assignment/authorization forms as a "fleeting and informal act, *** simply a matter of 'where do I sign?' " Plaintiffs, on the other hand, maintain that this distinction is all important, and that defendant's and the trial court's reliance on *Cameron Manor* is, therefore, misplaced.

The two forms completed by the employees, which plaintiffs here contend give them standing to sue as beneficiaries or participants under defendant's plan, read as follows:

"For value received, I hereby assign to_____(doctor)_____
the extent of my bill for health care services, any and all claims which I may have:

(a) For benefits provided under any policy of insurance or other health care plan ***."

"AUTHORIZATION TO PAY (Employee: sign below only if payment is to be made directly to physician)

I hereby authorize payment of surgical and/or medical benefits, if any, otherwise payable to me, directly to the physician whose signature appears below."

The first form above, the assignment form, was prepared in each instance by plaintiffs; and the latter (authorization to pay) form, by defendant Deere & Co.

In this appeal, defendant does not attack the validity of the forms as such, but urges that they be disregarded for purposes of determining plaintiffs' standing to sue under ERISA because they do not confer on the providers the full panoply of rights as "beneficiaries" or plan "participants." Defendant's argument ignores the well-established principles of assignments, their creation and their legal consequences.

"An assignment *** is the transfer of some identifiable property, claim or right from the assignor to the assignee. The parties must intend to effectuate an assignment at the time of the transfer although no particular language or procedure is

necessary. [Citation.] If a valid assignment is effected, the assignee acquires all of the interest of the assignor in the property that is transferred. The assignee, it has been often said, is placed 'in the shoes' of the assignor. *Chicago in Trust for Use of Schools v. Fischer,* 52 Ill. App. 2d 55, 61, 201 N.E.2d 660." *Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167, 169.

■■ Lacking any statutory prohibition, the right to receive moneys due or to become due under an existing contract may be assigned though the contract itself may be unassignable. (*DuPont De-Bie v. Vredenburgh* (4th Cir. 1974), 490 F.2d 1057.) Under Federal common law, no less than under the law of this State, an assignee for collection may sue as the real party in interest. *Staggers v. Otto Gerdau Co.* (2d Cir. 1966), 359 F.2d 292, citing *Rosenblum v. Dingfelder* (2d Cir. 1940), 111 F.2d 406.

Defendant has not directed our attention to any anti-assignment provisions in the defendant's health care plan or in the welfare benefits provisions of ERISA. (But *cf. Helmsley-Spear Inc. v. Winter* (N.Y. Supp. 1979), 101 Misc. 2d 17, 420 N.Y.S.2d 599 (anti-assignment or "spendthrift" clause was contained in employer's profit-sharing plan covered under ERISA); and 29 U.S.C. sec. 1056(d) (1982) (which prohibits, with certain exceptions, assignment of benefits under a pension plan covered by ERISA).) Lacking any restriction on the assignment of claims for benefits under a health care plan covered by ERISA, we can perceive of no rational basis upon which to deny these plaintiffs standing to sue under section 1132(e) for benefits payable as assignees of the plan "participants" or "beneficiaries" in whose shoes they stand.

Although not cited by either party to this suit, we find support for our holding today in a somewhat analogous situation addressed by a Texas court of appeals. (*General Dynamics Corp. v. Harris* (Tex. Civ. App. 1979), 581 S.W.2d 300.) The Texas divorce court, pursuant to that State's community property law, awarded Mrs. Harris her husband's vested retirement benefits accrued during their marriage and attributable to his employment with General Dynamics. The court directed Mr. Harris to execute a release of such benefits in favor of Mrs. Harris. It appears that Mr. Harris failed to comply with the order. General Dynamics also refused Mrs. Harris' request to pay the benefits to her pursuant to the divorce decree, and she accordingly brought suit against her former husband's employer. General Dynamics' retirement plan was subject to ERISA. In its defense, General Dynamics took the position that the divorce decree awarding

pension benefits to Mrs. Harris violated the inalienability terms of the plan, and that Mrs. Harris' suit should be abated until Mr. Harris was joined as a party plaintiff. The trial court granted judgment for Mrs. Harris. On appeal, General Dynamics contended that Mrs. Harris had no standing to sue under section 1132(a)(1)(b) because she was neither a beneficiary nor a participant under the plan. The court disagreed. Adopting the reasoning of the court in *Stone v. Stone* (N.D. Cal. 1978), 450 F. Supp. 919, the court concluded that neither the ERISA preemption clause nor the anti-assignment clause affecting pensions under ERISA (29 U.S.C. sec. 1056(d) (1982)) prevented a State court from awarding in a divorce decree vested retirement pension benefits to a nonemployee spouse. The court held that "if the transfer of benefits was proper, then the cause of action set forth in section 1132(a)(1)(B) for recovery of the benefits was also transferred." *General Dynamics Corp. v. Harris* (Tex. Civ. App. 1979), 581 S.W.2d 300, 312.

Unlike plaintiff in *Harris,* the plaintiffs in the present case, as aforesaid, need not overcome anti-assignment provisions. Furthermore, unlike plaintiff in *Harris,* who asserted her standing to sue under ERISA on the basis of an involuntary transfer of benefits ordered without the employer's participation or acquiescence, plaintiffs here ground their right to bring suit on the basis of written, voluntary assignments and authorization-to-pay forms—the latter of which was provided by defendant for the convenience of its employees and, presumably, for the convenience of providers of health care services and perhaps themselves as well.

Defendant's challenge to the assignment/authorization-to-pay forms on grounds that they are not "formal designations" is not well taken. In *Cameron Manor,* the court contrasted the "formality" of an act of beneficiary "designation" to plaintiff's theory that by choosing to be treated at the plaintiff facility, defendant's employees "tacitly" transferred their right to claim benefits due under defendant's health care plan. Under the *Cameron Manor* fact pattern, there was no showing of any purposeful act performed by the plan participants or beneficiaries to transfer their right to claim benefits due for the services rendered by the provider. In contrast to *Cameron Manor,* it is uncontested that plaintiffs here allege "formal," purposeful acts of executing two forms specifically drafted for the purpose of transferring to plaintiffs the right to claim benefits due and to receive them directly from the defendant's health care plan. No greater "formality" is required.

We have reviewed all of defendant's other contentions resisting

the conclusion that these plaintiffs have standing to sue under section 1132(a)(1)(B), and we find them without merit. The assignment/ authorization-to-pay forms that were executed herein are not affected by ERISA preemption. The cases cited by defendant in which fiduciary institutions, employers, judgment creditors and nonemployee spouses were denied standing to sue as "beneficiaries" or plan "participants" under ERISA are not affected by our ruling today, inasmuch as it does not appear that voluntary written assignments were executed in any such instance. See, *Hibernia Bank v. International Brotherhood of Teamsters* (N.D. Cal. 1976), 411 F. Supp. 478 (bank serving union trustees of pension funds denied standing to sue); *Tuvia Convalescent Center, Inc. v. National Union of Hospital & Health Care Employees* (2d Cir. 1983), 717 F.2d 726 (employer denied standing to sue); *National Bank of North America v. Local 553 Pension Fund of the International Brotherhood of Teamsters and Chauffers* (E.D. N.Y. 1978), 463 F. Supp. 636 (judgment creditor denied standing); and *Lerra v. Monsanto Co.* (D. Mass. 1981), 521 F. Supp. 1257 (nonemployee spouse denied standing to sue).

■ In sum, we hold that where an ERISA plan participant or beneficiary voluntarily elects in a signed writing to assign his rights to claim health insurance benefits to the provider of health care services, such assignee has standing to sue as the "participant" or "beneficiary" in whose shoes he stands for purposes of section 1132(a)(1)(B). By our holding, we believe that we do no offense to the express purpose of the Act—to protect and to educate persons covered by an ERISA plan. Insofar as the participants and beneficiaries are shielded from the costly and burdensome task of pursuing their individual remedies from the employer in question, our holding promotes the legislatively stated goal of protection.

Having disposed of the only issue properly presented for our review, we remand this case to the circuit court of Rock Island County for further proceedings.

Reversed and remanded.

HEIPLE, P.J., and WOMBACHER, J., concur.