(No. 63702

T. J. KENNEDY *et al.*, Appellees, v. DEERE & COM-PANY, Appellant.

*Opinion filed September 21, 1987.*

CUNNINGHAM, J., took no part.

Bozeman, Neighbour, Patton & Noe, of Moline (Hubbard B. Neighbour, of counsel), for appellant.

Francis Van Hooreweghe, of Van Hooreweghe, Fackel & Thuline, of Moline, for appellees.

JUSTICE WARD delivered the opinion of the court:

The plaintiffs, T. J. Kennedy, Terry Burke, Michael Hurst, Stephen Miner and James Woods, who are chiropractors, filed actions in the circuit court of Rock Island County against the defendant, Deere & Company, to recover damages under the Employee Retirement Income Security Act of 1974 (29 U.S.C. sec. 1001 *et seq.* (1982)) (ERISA). The defendant moved to dismiss the suits, alleging that the plaintiffs lacked standing to sue under ERISA. After consolidating the suits, the circuit court granted the defendant's motion and dismissed the actions. The appellate court reversed (142 Ill. App. 3d 781), and we allowed the defendant's petition for leave to appeal under Supreme Court Rule 315 (103 Ill. 2d R. 315(a)).

In substantially similar complaints, the plaintiffs allege that they provided chiropractic services to several of the defendant's employees who are covered by its health and welfare plan (the plan) which is subject to the provisions of ERISA. (See 29 U.S.C. sec. 1002(1) (1982).) They allege that these employees assigned to the plaintiffs their rights to benefits under the plan which here consist of the

right to reimbursement for medical care. The complaints set out that the plaintiffs submitted claims to the plan for payment and that the trustees of the plan refused to honor certain of the assignments. When considering a motion to dismiss, all facts properly pleaded in a complaint and the exhibits will be taken as true in deciding whether to grant the motion. *State Bank v. A-Way, Inc.* (1986), 115 Ill. 2d 401, 404; *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 284.

The plaintiffs claim that they are entitled to recover under ERISA because of the defendant's failure to honor the assignments. The plaintiffs assert that they are "beneficiaries" as defined in section 2(8) of ERISA (29 U.S.C. sec. 1002(8) (1982)) and entitled to file an action under sections 502(a)(1)(B) and 502(e)(1) (29 U.S.C. secs. 1132(a)(1)(B), (e)(1) (1982)).

Under section 502(a)(1)(B) of ERISA:

"A civil action may be brought ***

(1) [B]y a participant or beneficiary ***

***

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights *** under the terms of the plan ***." (29 U.S.C. sec. 1132(a)(1)(B) (1982).)

ERISA defines a "participant" as:

"[A]ny employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." (29 U.S.C. sec. 1002(7) (1982).)

A "beneficiary" is defined as:

"[A] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." (29 U.S.C. sec. 1002(8) (1982).)

Section 502(e)(1) provides that State and United States district courts shall have concurrent jurisdiction of actions brought under section 502(a)(1)(B).

Count I of the complaints alleges that the defendant violated section 540 of ERISA (29 U.S.C. sec. 1140 (1982)), in that, though the defendant made payments directly to certain other health care providers, it refused payment to the plaintiffs, claiming that as simply assignees, the plaintiffs were not beneficiaries. Section 540 provides:

> "It shall be unlawful for any person to *** discriminate against a participant or beneficiary *** for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ***." (29 U.S.C. sec. 1140 (1982).)

Count II asserts that the plaintiffs as "beneficiaries" are entitled to file an action based on assignments under section 502(a)(1)(B) to enforce their rights to benefits against the plan. The plaintiffs also claim attorney fees under section 502(g)(1) (29 U.S.C. sec. 1132(g)(1) (1982)).

The circuit court held that the plaintiffs lack standing to sue under ERISA on the ground that only "participants" or "beneficiaries" of a health benefit plan are entitled to bring an action under section 502(a)(1)(B) and that the plaintiffs are neither beneficiaries nor participants as those terms are defined in sections 3(7) and (8) of ERISA. The appellate court reversed, holding that the plaintiffs, as assignees of a participant's right to receive benefits under the plan, are "beneficiaries" within section 3(8) of ERISA. Finding there was no restriction against the assignment of claims for benefits under a health care plan covered by ERISA, the court concluded that "where an ERISA plan participant or beneficiary voluntarily elects in a signed writing to assign his rights to claim health insurance benefits to the provider of health care services, such assignee has standing to sue as the 'participant' or

'beneficiary' in whose shoes he stands for purposes of [section 502(a)(1)(B)]." 142 Ill. App. 3d 781, 787.

The defendant, arguing that the appellate court erred, contends that although plan participants may "designate" a "beneficiary" who will then be entitled to benefits under the plan, a participant may designate only members of his family or other dependents. The defendant's position is that the express purpose of ERISA is to protect participants, their families and other dependents who are covered by a plan and is not to protect health care providers. It follows, the defendant says, only those intended to be protected under ERISA are entitled to bring an action under ERISA to recover benefits under a health benefit plan. Since health care providers, like the plaintiffs, are not within this limited class to be protected, the defendant argues, they cannot be designated by a participant to receive benefits under a plan.

The defendant contends further that even if a plan participant could assign his right to benefits under a health care plan to a health care provider, an assignment to a health care provider should not create an enforceable right to sue under ERISA. The defendants argue that allowing a simple assignee to bring an action under ERISA would encourage a flood of suits against employers and plan administrators. The defendant sees a deluge of actions by bill collectors, who under section 502(g)(1) of ERISA, could also be awarded attorney fees. It says that Congress did not intend the statute to be given so broad a construction that any assignee could sue under ERISA to obtain benefits under a health benefit plan and attorney fees as well. Permitting such suits, the defendant states, will discourage employers from establishing health benefit plans.

From the statute's preamble it is clear that the principal concern of Congress in enacting ERISA was "to protect *** the interests of participants in employee benefit

plans and their beneficiaries." (29 U.S.C. sec. 1001(b) (1982).) Congress did not proscribe any qualifications for a beneficiary. Section 206(d) of ERISA (29 U.S.C. sec. 1056(d) (1982)) prohibits the assignment of pension benefits, but there is nothing in ERISA or in the legislative history showing a congressional intent to prohibit assignments of health care benefits or to limit the class of persons a participant is permitted to designate to receive benefits under a health benefit plan. As ERISA as a whole is "comprehensive and reticulated" (*Nachman Corp. v. Pension Benefit Guaranty Corp.* (1980), 446 U.S. 359, 361, 64 L. Ed. 2d 354, 358, 100 S. Ct. 1723, 1726), and "[t]he assumption of inadvertent omission is *** especially suspect" (*Massachusetts Mutual Life Insurance Co. v. Russell* (1985), 473 U.S. 134, 146, 87 L. Ed. 2d 96, 106, 105 S. Ct. 3085, 3093), there can be no assumption that Congress intended to restrict the class of beneficiaries.

Permitting assignments of health care benefits to health care providers is consistent with the intent of Congress in providing under ERISA for health and welfare benefit plans. It is to be observed that under the defendant's plan the "benefits" the participant is entitled to are limited to payments for medical care under the plan. The defendant is not obligated contractually to provide the medical care but only to pay for it. The participant is free to select the health care provider he wishes, and if the charges are reasonable, the plan will provide payment to the participant as reimbursement. The participant determines the health care provider that will receive the benefits to which he is entitled under the plan. Indeed, the defendant even has provided its employees with forms that allow the participants to authorize the plan to make payment directly to the health care provider.

The Circuit Court of Appeals for the Ninth Circuit held, and correctly, we consider, in *Misic v. Building Ser-*

*vice Employees Health & Welfare Trust* (9th Cir. 1986), 789 F.2d 1374, that a participant in a health benefit plan may properly make assignments in favor of health care providers. The court stated:

> "Health and welfare benefit trust funds are designed to finance health care. Assignment of trust monies to health care providers results in precisely the benefit the trust is designed to provide and the statute is designed to protect. Such assignments also protect beneficiaries by making it unnecessary for health care providers to evaluate the solvency of patients before commencing medical treatment, and by eliminating the necessity for beneficiaries to pay potentially large medical bills and await compensation from the plan. Moreover, assignments permit a trust fund to obtain improved benefits for beneficiaries by bargaining with health care providers for better coverage and lower rates." 789 F.2d 1374, 1377.

If Congress intended to permit a participant to assign his health care benefits, it seems undeniable that Congress also must have intended to permit the assignee to enforce his right to benefits under ERISA. Indeed, an action under ERISA appears to be the only way in which an assignee could enforce his claim to benefits under a plan, because section 514(a) of ERISA (29 U.S.C. sec. 1144(a) (1982)) would prohibit an assignee from acting under State law to establish a legal claim to benefits under a plan. Section 514(a) provides that "the provisions of this subchapter *** shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ***." If assignees are barred from bringing an action under ERISA they would necessarily be without a remedy.

The *Misic* court not only made clear that the right to health care benefits could be assigned under ERISA but held too that an assignee may enforce his right to benefits. There the defendant-employer had established a health and welfare benefit plan providing medical and

dental benefits. The plan provided that it would reimburse participants for a portion of their dental care expenses. The plaintiff, a dentist, provided services to participants of the plan, who in turn assigned to the plaintiff their right to reimbursement from the fund. The plaintiff sued the employer under ERISA to recover through the assignments.

The court held first that Congress did not intend to prohibit a participant of a health benefit plan from designating a health care provider as a beneficiary. The court then stated that in interpreting ERISA's provisions, Federal common law applied, and that under Federal common law an assignee of a valid assignment has standing to sue in the place of the assignor. (*Misic v. Building Service Employees Health & Welfare Trust* (9th Cir. 1986), 789 F. 2d 1374, 1378 & n.4.) The court concluded, there being no express prohibition against assignments in ERISA, there was no reason to bar the plaintiff from suing under ERISA as an assignee of his patient's right to benefits under the plan.

We hold that when an employee-participant assigns his right to benefits under the plan to the health care provider, the provider can bring an action under ERISA to enforce that right.

For the reasons given, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Rock Island County for further proceedings consistent with this opinion.

*Affirmed and remanded.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.