**SEQUEL CAPITAL CORPORATION, an Illinois corporation, Plaintiff,**

v.

**AIRSHIP INTERNATIONAL LTD., a New York corporation, Louis J. Pearlman, and Anheuser–Busch Companies, Inc., a Delaware corporation, Defendants.**

No. 92 C 7794.

United States District Court, N.D. Illinois, E.D.

April 12, 1993.

**218**

Howard C. Emmerman, Jeffrey Scott Johnston, Katz, Randall & Weinberg, Chicago, IL, for plaintiff.

David E. Bennett, Sheryl A. Kuzma, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court are the motions of defendants Airship International Ltd. ("A.I.L."), Louis J. Pearlman ("Pearlman"), and Anheuser–Busch Companies, Inc. ("Anheuser–Busch") to dismiss portions of plaintiff Sequel Capital Corporation's ("Sequel") amended complaint. For the reasons stated below, the court grants the motion of A.I.L. and Pearlman and denies the motion of Anheuser–Busch. Sequel is granted leave to file an amended complaint within ten days.

### FACTS

The complaint establishes that Sequel is in the business of providing financing to entities which may not otherwise qualify for loans elsewhere. To secure repayment of the capital, Sequel regularly purchases equipment or other assets from the other entity and then leases that equipment back at a rental rate yielding a high return to Sequel. According to the complaint, Pearlman, on behalf of A.I.L., approached Sequel in October 1992 seeking $3 million in capital. A.I.L.'s business is that of providing airships or "blimps" to third parties for promotional purposes. A.I.L. purportedly needed the money to finance the installation of a "night sign" on its "Bud One Airship," a blimp which Anheuser–Busch uses for promotional purposes through contract with A.I.L.

On October 12, 1992, Sequel and A.I.L. entered into a sale/leaseback agreement providing that Sequel would purchase the Bud One Airship for $3 million and lease it back to A.I.L. at $285,000 per month for one year. A.I.L. retained an option to repurchase the Bud One Airship at the termination of the lease for a price of $300,000. The agreement further provided that A.I.L. would assign certain of its rights under the advertising agreements with Anheuser–Busch to Sequel and would provide warrants for the purchase of a number of shares of its common stock. Pearlman and A.I.L. have denied that an agreement was ever reached or that a contract ever came into existence under these terms.

Nonetheless, Pearlman subsequently advised Sequel that it had incurred delays in securing documentation necessary to close the sale. In spite of this delay in the closing date, Pearlman requested that Sequel advance the initial installment of the purchase price under the lease agreement so it could finalize a deal for the purchase of an aircraft from a South Korean governmental entity. Consequently Sequel agreed to loan $800,000 to A.I.L. on an interim basis. A.I.L. executed the loan agreement, a promissory note, and an Aircraft Mortgage and Security Agreement to facilitate the closing of the interim loan. The mortgage agreement granted to Sequel a security interest in

A.I.L.'s interests in the Bud One Aircraft including the right to receive fee payments under A.I.L.'s contract with Anheuser–Busch. Pearlman individually guaranteed the loan by also signing a guaranty and security agreement.

Sequel transferred $800,000 to A.I.L. pursuant to this loan agreement. Sequel allegedly relied on Pearlman's representations that he would provide a fully executed Consent and Acknowledgment of Assignment Agreement which would evidence Anheuser–Busch's consent to the assignment to Sequel of certain rights in the Bud One advertising agreement. Pearlman never produced this documentation nor any other item promised by Pearlman necessary to finalize the closing. After notifying A.I.L. that it was in default of the mortgage and loan, Sequel commenced the present lawsuit in January 1993.

A.I.L. and Pearlman responded to the five count complaint by filing the present motion, requesting that the court dismiss count II for Sequel's failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. Anheuser–Busch filed a motion to dismiss count III, the only count to which it is a party, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### DISCUSSION

■■■ Where fraud is an asserted basis for relief in a lawsuit, plaintiffs must set forth "the circumstances constituting fraud ... with particularity." Fed.R.Civ.P. 9(b). Rule 9(b)'s particularity requirement dictates that a plaintiff plead the identity of persons making the alleged misrepresentation, as well as the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated. See Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir.1992) (Rule 9(b) requires plaintiff to plead the "who, what, when, and where" of the alleged fraud). A.I.L. and Pearlman primarily argue that Sequel has failed to specify the manner in which any statements were fraudulent, citing to Skycom Corp. v. Telstar Corp., 813 F.2d 810, 819 (7th Cir.1987).

This contention is rejected. Although Rule 9(b) requires particularity, the rule "does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false...." Uni*Quality, 974 F.2d at 923; see also Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir.1992). Accordingly, that the falsity of the statements is not specified beyond that the statements were "not true" is of no consequence.

The complaint alleges that, in October 1992, Pearlman approached Sequel and stated that A.I.L. required $3 million in capital because Anheuser–Busch demanded the installation of a "night sign" on the Bud One Airship. Additionally, Pearlman professed that A.I.L. needed $800,000 by October 14, 1992 to complete a purchase of an airship from a South Korean governmental entity, otherwise it would forfeit its rights under an agreement with the South Korean entity. Pearlman then represented that A.I.L.'s rights under its advertising agreements with Anheuser–Busch were fully assignable; that A.I.L. would assign certain of these rights to Sequel to secure repayment of the loan; and that all of A.I.L.'s other lenders had assured Pearlman that they would not enforce any defaults that may be triggered by the assignments. Last, Pearlman assured Sequel that A.I.L. could provide warrants for the purchase of its common stock. Pearlman maintained that these warrants were fully authorized and represented considerable value. Count II alleges that these representations were false and that Pearlman knew they were false when he made the representations to Sequel. Accordingly, Pearlman purposefully induced Sequel into the $3 million arrangement and into transferring $800,000 at a low interest rate by these misrepresentations.

■■■ As is apparent by the allegations, Sequel identifies the person who allegedly made the statements, the date the statements were made, and the content of the statements. But Sequel is not entirely off the hook. Sequel fails to specifically allege the location where the statements were made or the manner of communication. The absence of these circumstances may seem insignificant, and it

may seem petty to dismiss the claim solely because the complaint does not allege a place or mode of communication. Very little will be accomplished by doing so. But to respond properly to a charge of fraud, defendants need to be appraised of the specific statements that are claimed to constitute falsehoods. Moreover, these facts are readily available to Sequel. Accordingly, the court is obliged to dismiss count II for failure to plead fraud with particularity. Nonetheless, Sequel has leave to amend the complaint to cure the deficiencies.

 On Sequel's claim against Anheuser–Busch, it seeks a declaratory judgment that Sequel is entitled to receive, and Anheuser–Busch is obligated to pay to Sequel, all monthly fees due A.I.L. under the Bud One Agreement. The grounds for relief purport to be the assignment to Sequel of, and the security interest in, the rights under the Bud One contract between Anheuser–Busch and A.I.L. If the assignment to Sequel and subsequent security interest are valid, then Sequel may be entitled to enforce the contract as against Anheuser–Busch. *See, e.g., Overseas Dev. Disc Corp. v. Sangamo Constr. Co.,* 686 F.2d 498, 505 (7th Cir.1982); *Kennedy v. Deere & Co.,* 142 Ill.App.3d 781, 96 Ill.Dec. 957, 960, 492 N.E.2d 199, 202 (1986), *aff'd,* 118 Ill.2d 69, 112 Ill.Dec. 705, 514 N.E.2d 171 (1987), *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988). Though Anheuser–Busch is not an indispensable party under Fed.R.Civ.P. 19(a), *see AM Int'l Leasing Corp. v. National Council of Negro Women, Inc.,* 627 F.Supp. 1302, 1309–10 (N.D.Ill. 1986), it is undoubtedly permissible to join Anheuser–Busch as a party to the suit arising out of the alleged assignment of rights to Sequel. *See* Fed.R.Civ.P. 20(a). Accordingly, Anheuser–Busch is a proper party to the suit.

## CONCLUSION

For the above stated reasons, the motion of A.I.L. and Pearlman to dismiss count II pursuant to Fed.R.Civ.P. 9(b) is granted. The motion of Anheuser–Busch to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

Sequel is granted leave to file an amended complaint within ten days.

IT IS SO ORDERED.