10

WALTER LAUGHLIN *et al.*, Trustees of Masonry Institute, Welfare Fund of Bricklayers Local 21, *et al.*, on their own behalf and on behalf of a class of all other parties similarly situated, Plaintiffs-Appellants, v. EVANSTON HOSPITAL *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—1970

Opinion filed October 21, 1987.—Rehearing denied December 8, 1987.

Robert F. Coleman, Kenneth P. Ross, and Eugene J. Schiltz, all of Robert F. Coleman & Associates, and Eugene I. Pavalon, Michael C. Greenfield, and Stephen Feinberg, all of Asher, Pavalon, Gittler & Greenfield, Ltd., both of Chicago, for appellants.

John T. Cusack, Deborah H. Bornstein, and Bettina Weis, all of Gardner, Carton & Douglas; Jack R. Bierig, David F. Graham, and David B. Johnson, all of Sidley & Austin; Richard William Austin and Kevin J. Egan, both of Winston & Strawn; Gary Senner, Jeffrey P. Lennard, and Steven M. Levy, all of Sonnenschein, Carlin, Nath & Rosenthal; Kenneth B. Drost and Michael R. Callahan, both of Katten, Muchin, Zavis, Pearl & Galler; and Michael A. Haber, all of Chicago, for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiffs are the trustees of two union health benefit plans that pay the cost of hospital services for their members. Defendants are 10 Chicago-area hospitals which have contracted with Health Care Services Corporation (HCS), the administrator of the Illinois Blue Cross plan, to provide medical services for Blue Cross subscribers. The defendants' contracts with HCS provide that the medical expenses incurred by Blue Cross subscribers are paid by HCS, and that any amount in excess of 105% of a hospital's cost in treating Blue Cross patients is refunded to HCS. The form of these contracts was reviewed and approved by the Illinois Department of Insurance in 1952. Plaintiffs filed a complaint alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*) and the Illinois Antitrust Act (Ill. Rev. Stat. 1985, ch. 38, par. 60—1 *et seq.*). The trial court dismissed the complaint for failure to state a cause of action; plaintiffs appeal.

Count I of plaintiffs' complaint alleges that "by paying rebates to Blue Cross but not to plaintiffs or any other third-party payor, defendants have violated the Illinois Consumer Fraud and Deceptive Business Practices Act," and that plaintiffs "have been damaged in that they have been *** required to pay defendants higher prices for hospital services than Blue Cross." Plaintiffs claim that this allegation states a cause of action under the consumer fraud statute because that statute is to be interpreted as the Federal Trade Commission Act (FTC Act) (15 U.S.C. sec. 45 (1982)) has been interpreted by the Federal courts. They argue that violations of the Clayton Anti-

trust Act (15 U.S.C. sec. 12 *et seq.* (1982)) have been held to be violations of the FTC Act, and that the complaint sufficiently alleges Clayton Act violations.

The consumer fraud statute, which prohibits unfair methods of competition and unfair and deceptive trade practices, provides that "[i]n construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the Federal courts relating to Section 5(a) of the Federal Trade Commission Act." (Ill. Rev. Stat. 1985, ch. 121½, par. 262.) The FTC Act, which also prohibits unfair methods of competition and unfair and deceptive trade practices, has consistently been interpreted to be violated by violations of the Clayton Act. (See *Times-Picayune Publishing Co. v. United States* (1953), 345 U.S. 594, 609, 97 L. Ed. 1277, 1290, 73 S. Ct. 872, 880-81; *FTC v. Motion Picture Advertising Service Co.* (1953), 344 U.S. 392, 394-95, 97 L. Ed. 2d 426, 429-30, 73 S. Ct. 361, 363-64.) The Illinois Supreme Court, however, has refused to interpret the Illinois statute as including all violations of the Federal antitrust laws. In *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790, a defendant who had successfully moved at trial for dismissal of a consumer fraud claim argued that the appellate court's reinstatement of that claim improperly incorporated Clayton Act prohibitions into our statute. The supreme court stated with approval that the appellate court "did not, as contended by defendant, construe section 2 of the [Consumer Fraud and Deceptive Practices] Act to mean that every violation of section 2(c) of the Clayton Act [citation] was an unfair or deceptive practice." (72 Ill. 2d 179, 184, 380 N.E.2d 790.) Though the supreme court affirmed the appellate court's finding that a cause of action was stated under the statute, its conclusion was based on the allegation that defendant's failure to disclose a material fact resulted in unreasonable and unnecessary charges to plaintiff. *Fitzgerald*, therefore, indicates that the allegation of a Clayton Act violation, while stating a claim under the FTC Act, does not *ipso facto* state a cause of action under the consumer fraud statute.

*Fitzgerald* also indicates that a complaint such as that in the instant case may state a cause of action if it sufficiently alleges unfair methods of competition or unfair or deceptive trade practices. The practice found to be deceptive in that case was a seller's secret rebate of portions of a buyer's payments to the buyer's agent. The court held that a cause of action for deception was stated because knowledge of the rebates would have allowed the buyer to recover them from his intermediary. (72 Ill. 2d 179, 188, 380 N.E.2d 790.) We

do not believe that the facts alleged in the instant case are comparable. We decline to rule that a buyer states a sufficient claim of material deception merely by alleging that he was unaware that his seller, in a contract which was a matter of public record, granted a competitor a lower price for services. In addition, we find no support for plaintiffs' argument that defendants' conduct was unfair. This court, in addressing a claim that price discrimination was unfair under the statute, has found "no authority which has held or even implied that a seller is prohibited from charging different customers different prices, or from granting bigger discounts to volume buyers than cost savings alone would justify." (*Perrin v. Pioneer National Title Insurance Co.* (1980), 83 Ill. App. 3d 664, 673, 404 N.E.2d 508.) Since the supreme court's opinion in *Fitzgerald* decided that our consumer fraud statute, unlike the FTC Act, is not an additional enforcement provision of the antitrust laws, and since we are presented with no precedent for finding defendants' actions to be "unfair" under the statute, we agree with the trial court's conclusion that plaintiffs failed to state a cause of action under the statute. Accordingly, we affirm the dismissal of count I of plaintiffs' complaint.

Count II of the complaint alleges that defendants' differential pricing "constitutes an unreasonable restraint of trade or commerce" and therefore violates the Illinois Antitrust Act (Ill. Rev. Stat. 1985, ch. 38, par. 60—1 *et seq.*). That statute enumerates several specific practices as unlawful; those practices are the price-fixing and market-division schemes targeted by the Sherman Antitrust Act (15 U.S.C. sec. 1 *et seq.* (1986)). The statute also prohibits contracts which "unreasonably restrain trade." (Ill. Rev. Stat. 1985, ch. 38, par. 60—3(2).) Plaintiffs contend that price discrimination which unreasonably restrains trade violates the statute and that their complaint thus states a cause of action under the statute. Defendants rely upon the trial court's citation of *Regal Motors, Inc. v. Fiat Motors* (1985), 133 Ill. App. 3d 370, 479 N.E.2d 1, in which this court was presented with the same argument:

> "[P]laintiff contends that price discrimination is prohibited under the general provisions of section 3(2) if it results in an unreasonable restraint of trade or commerce. We disagree.
>
> ***
>
> *** Our General Assembly could have specifically prohibited price discrimination just as it specifically prohibited price fixing, monopolization, horizontal allocation of markets, and other acts proscribed by the Federal antitrust laws. The fact that the legislature did not do so, when coupled with the fact that

it consciously omitted the Clayton Act in favor of a Sherman-type statute, evinces a legislative intent that price discrimination prohibited under the Clayton Act not be actionable under the Illinois statute." 133 Ill. App. 3d 370, 374, 479 N.E.2d 1.

In *Fitzgerald*, however, the supreme court expressed the opposite view: "[W]e find no authority to support defendants' argument that the General Assembly expressly or by implication rejected legislation similar to section 2(c) of the Clayton Act." (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 184, 380 N.E.2d 790.) No such authority has been cited by defendants in the case at bar. The antitrust statute expressly prohibits contracts which unreasonably restrain trade and does not exclude contracts containing price discrimination from this prohibition. When the language of a statute is clear, a court should not look to extrinsic aids for construction or depart from the plain language by reading into it exceptions, limitations, or conditions which conflict with the clearly expressed intent. (*Waste Management of Illinois, Inc. v. Environmental Protection Agency* (1985), 137 Ill. App. 3d 619, 629, 484 N.E.2d 1128.) The antitrust statute clearly prohibits all unreasonable restraints of trade, and we find no language therein which suggests that price discrimination which unreasonably restrains trade is not similarly prohibited. Nor do we agree that the intent of the legislature was to exclude such practices. This court has found committee comments to be accurate indications of legislative intent and appropriate aids in construing statutes. (*People v. Royer* (1968), 101 Ill. App. 2d 44, 242 N.E.2d 288.) The comments on the antitrust statute support plaintiffs' contention in the instant case:

> "It will be noted that the Illinois Act contains no counterpart to Sections 2, 3, 7 and 8 of the Clayton Act or to Section 5 of the Federal Trade Commission Act. Hence, practices which would be violative of those federal provisions would be violative of the Illinois Act only if they were deemed unreasonably to restrain trade under the provisions of Section 3(2)." (Ill. Ann. Stat., ch. 38, par. 60—3(2), Bar Committee Comments, at 453-54 (Smith-Hurd 1977).)

We conclude that the plain language of the statute and the evidence of the legislature's purpose in enacting the statute indicate that price discrimination can be violative of the antitrust act if it unreasonably restrains trade. We therefore decline to follow the precedent of *Regal Motors*. We hold that because count II of plaintiffs' complaint alleged an unreasonable restraint of trade, it stated a cause of action under section 3(2) of the antitrust statute. (Ill. Rev. Stat.

1985, ch. 38, par. 60—3(2).) Accordingly, we reverse the trial court's dismissal of count II and remand that count for further proceedings.

Affirmed in part; reversed in part and remanded.

McNAMARA, P.J., and FREEMAN,* J., concur.

---

*Justice Rizzi recused himself after oral argument. Justice Freeman read the briefs and listened to the tapes.