**AMERICAN ACADEMIC SUPPLIERS, INC., an Illinois corporation, Plaintiff,**

v.

**BECKLEY–CARDY, INC., a Delaware corporation, Defendant.**

No. 88 C 2526.

United States District Court,
N.D. Illinois, E.D.

Oct. 4, 1988.

Anthony S. DiVincenzo, Richard P. Campbell, Campbell & DiVincenzo, Chicago, Ill., for plaintiff.

Lee A. Freeman, Jr., Daniel J. Lesser, Freeman, Freeman & Salzman, Chicago, Ill., Lewis R. Clayton, Robert L. Ernst, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

This case is before the court based on federal question and diversity jurisdiction. Plaintiff alleges price discrimination in violation of the Robinson–Patman Act, 15 U.S.C. § 13, attempted monopolization in violation of both § 2 of the Sherman Act, 15 U.S.C. § 2, and the Illinois Antitrust Act, Ill.Rev.Stat. (1987), ch. 38, ¶ 60–3(3), and unfair and deceptive trade practices in violation of the laws of both Illinois, Ill.Rev. Stat. (1987), ch. 121½, ¶¶ 262 & 311 et seq., and Ohio, Ohio Rev.Code §§ 4165.02 et seq. Defendant has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## I. Robinson–Patman Act

The Robinson–Patman act prohibits price discrimination where the effect of the discrimination is a substantial lessening of competition. 15 U.S.C. § 13. Plaintiff claims that defendant violated the Robinson–Patman Act by selling educational supplies at discriminatory prices in market areas where plaintiff sells similar products. Two years after enactment of the Robinson–Patman Act, Congress enacted legislation providing an exemption for purchases by non-profit organizations. Non–Profit Institutions Act, 15 U.S.C. § 13c. Defendant moves for dismissal of the Robinson–Patman claims under the theory that the alleged discriminatory sales are exempted from the prohibitions of the Robinson–Patman Act.

■ In relevant part, the exemption provides that the Robinson–Patman Act does not apply to purchases of supplies by educational institutions as long as the supplies are for their own use. This exemption applies to both the seller and the purchaser. *Champaign–Urbana News Agency, Inc. v. J.L. Cummins News Co.*, 632 F.2d 680, 693 (7th Cir.1980); *Logan Lanes, Inc. v. Brunswick Corp.*, 378 F.2d 212, 215 (9th Cir.), *cert. denied*, 389 U.S. 898, 88 S.Ct. 219, 19 L.Ed.2d 216 (1967). Thus, a seller may legally offer supplies to educational institutions at lower prices than it charges elsewhere.

■ Plaintiff's complaint does not specifically allege that sales were made to non-profit institutions. Rather, it alleges that the sales of educational supplies by the defendant violated the Robinson–Patman Act. In response, defendant has provided an affidavit stating that 95% of its sales were made to non-profit institutions. Defendant relies upon the substance of that affidavit to place its sales within the exemption. Consideration of that affidavit would convert the motion to one for summary judgment under Rule 56 and plaintiff would have to be given adequate opportunity to respond.[1] The court declines to con-

---

1. According to the Federal Rules of Civil Procedure, if a party makes a motion to dismiss

under Rule 12(b)(6) and presents matters outside the pleadings which the court considers,

sider the affidavit for two reasons. First, defendant does not claim that all its sales are within the Non–Profit Institutions exemption. Therefore, the Robinson–Patman claim could not be dismissed even if the affidavit were considered. Second, as argued in its brief, plaintiff would require discovery to adequately respond to a motion for summary judgment. *See* Fed.R. Civ.P. 56(f). For these reasons the Robinson–Patman Act claim will not be dismissed on the present motion. This determination is made without prejudice to the defendant pursuing a motion for summary judgment at the appropriate time.

## II. The Additional Antitrust Claims

Plaintiff makes additional claims which go beyond the Robinson–Patman Act. Plaintiff alleges attempted monopolization in violation of § 2 of the Sherman Act and § 3(3) of the Illinois Antitrust Act. Defendant moves to dismiss these claims on two grounds: (1) that all these claims should be preempted because they seek to prohibit what the Non–Profit Institutions Act exemption specifically legalizes and (2) that the Illinois Antitrust Act claim should be dismissed for the additional reason that that Act does not prohibit price discrimination.

### A. Preemption

■ Again, plaintiff does not allege and defendant has not attempted to show that all sales were to educational institutions. Therefore, even if preemption applied, the claims could not be dismissed. Alternatively, the court denies the motion to dismiss on the basis of preemption because, as explained below, preemption does not apply.

The purpose of the exemption from the Robinson–Patman Act is "to allow the named institutions to make their purchases at the lowest possible price." *Champaign–Urbana News Agency, Inc. v. J.L. Cummins News Co.*, 479 F.Supp. 281, 289 (C.D.Ill.1979), *aff'd*, 632 F.2d 680 (7th Cir. 1980). As stated by the Supreme Court, "the legislative history of the Nonprofit

Institutions Act indicates clearly that that Act was concerned with the suspicion that Robinson–Patman, at the time just recently enacted, actually might operate to outlaw price favors that sellers would wish to grant to eleemosynary institutions." *Abbott Laboratories v. Portland Retail Druggists Association, Inc.*, 425 U.S. 1, 12, 96 S.Ct. 1305, 1313–14, 47 L.Ed.2d 537 (1976). Defendant refers to this language to support its claim that price discrimination to non-profit institutions should never be prohibited. According to defendant, such a prohibition would undermine the very purpose of the exemption.

■ The Non–Profit Institutions Act is an exemption from the prohibitions established in the Robinson–Patman Act. Simply because certain conduct falls within an exemption to a certain law does not mean that same conduct is therefore legal in relation to all other laws. Antitrust exemptions are to be construed narrowly. *United States v. McKesson & Robbins*, 351 U.S. 305, 316, 76 S.Ct. 937, 943–44, 100 L.Ed. 1209 (1956). Conduct which is specifically exempted from a particular antitrust law may nonetheless be prohibited by another statute. If that same conduct is violative of another law, the exemption does not follow. Otherwise, sellers to non-profit institutions could engage in any anti-competitive practice they desired and then claim exemption under the Non–Profit Institutions Act.

■ Professional baseball is exempt from the federal antitrust laws. *Toolson v. New York Yankees, Inc.*, 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64 (1953). In *Flood v. Kuhn*, 407 U.S. 258, 265–66, 92 S.Ct. 2099, 2103–04, 32 L.Ed.2d 728 (1972), a professional baseball player claimed that the reserve system used by professional baseball teams violated state antitrust laws. The Court held that the baseball exemption discussed in *Toolson* preempted the application of the state antitrust law. *Flood*, 407 U.S. at 284–85, 92 S.Ct. at 3112–13. Defendant argues *Flood* indicates that state

"the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b); *Horn v. City of Chicago*, 860 F.2d 700, 703 n. 6 (7th Cir. 1988).

antitrust claims should be dismissed where the challenged conduct enjoys an immunity from federal antitrust laws. However, the *Flood* principle does not apply to the present facts. In *Flood* the exemption was general in nature and given to a particular industry. In contrast, the exemption given by the Non–Profit Institutions Act refers to specific conduct, namely price discrimination. The *Flood* principle gives baseball a blanket exemption from the antitrust laws whereas the Non–Profit Institutions exemption applies only to price discrimination violating the Robinson–Patman Act. Further, prohibiting price discrimination which violates other antitrust laws does not frustrate the objectives of the Non–Profit Institutions Act. Sellers may still offer goods to exempt institutions at discriminatory prices as long as the price discrimination does not violate any other antitrust law.

Except for the Robinson–Patman claims, the federal and state antitrust claims are not in any way preempted by the Non–Profit Institutions Act exemption. Preemption does not bar plaintiff's antitrust claims.

### B. The Illinois Antitrust Act

Defendant argues that the claims brought under the Illinois Antitrust Act alleging price discrimination should be dismissed for the additional reason that this legislation does not prohibit such conduct.

■ The Robinson–Patman Act prohibits price discrimination which substantially affects competition. In contrast, the Illinois Antitrust Act does not prohibit price discrimination unless it is part of an unfair trade practice. In *People ex rel. Scott v. Schwulst Building Center, Inc.*, 89 Ill.2d 365, 59 Ill.Dec. 911, 913, 432 N.E.2d 855, 857 (1982), the Illinois Supreme Court observed that the Illinois Antitrust Act, enacted in 1965, "was patterned after the Sherman Act and consciously omitted the

Clayton Act." Since the Non–Profit Institutions Act is part of the Clayton Act, it is clear that the drafters of the Illinois Antitrust Act consciously omitted the prohibition on price discrimination. *Regal Motors, Inc. v. Fiat Motors of North America, Inc.*, 133 Ill.App.3d 370, 88 Ill.Dec. 666, 668–69, 479 N.E.2d 1, 3–4 (1985).

■ In *Regal Motors*, the court interpreted *Scott* as meaning that price discrimination is not prohibited by the Illinois Antitrust Act.[2] Two years later the appellate court elaborated on this point in *Laughlin v. Evanston Hospital*, 163 Ill.App.3d 10, 114 Ill.Dec. 313, 516 N.E.2d 468 (1987), *leave to appeal granted*, 119 Ill.2d 558, 119 Ill.Dec. 386, 522 N.E.2d 1245 (1988). The court stated that "The [Illinois Antitrust Act] expressly prohibits contracts which unreasonably restrain trade, and does not exclude contracts containing price discrimination from this prohibition." *Id.* 114 Ill. Dec. at 315, 516 N.E.2d at 470. Thus, defendant is correct in that the Illinois Antitrust Act does not prohibit price discrimination *per se*. Rather, the Illinois Antitrust Act prohibits all unreasonable restraints of trade. If price discrimination amounts to an unreasonable restraint, it constitutes a cause of action under the Illinois Antitrust Act, not because it is price discrimination but because it is an unreasonable restraint of trade. Therefore, price discrimination may be violative of the Illinois Antitrust Act and as such the motion to dismiss on this ground is denied.

### III. Unfair Trade Practices

In its fourth and fifth causes of action, plaintiff alleges that defendant engaged in unfair and deceptive trade practices in violation of the laws of Illinois and Ohio. Defendant's only argument as to why these claims should be dismissed is that the Non–Profit Institutions Act preempts the appli-

---

2. "Our supreme court has recognized that the Illinois Antitrust Act was patterned after the Sherman Act and consciously omitted the Clayton Act. Yet, present federal law is contained in the Robinson–Patman amendments to the Clayton Act, not the Sherman Act ... Our General Assembly could have specifically prohibited price discrimination ... The fact that the legislature did not do so ... evinces a legislative intent that price discrimination prohibited under the Clayton Act not be actionable under the Illinois statute." *Regal Motors*, 88 Ill.Dec. at 668–69, 479 N.E.2d at 3–4.

cation of these laws to sales to non-profit institutions. For the reasons previously stated, the exemption is not extended to otherwise unlawful conduct.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is denied. A status hearing is set for October 20, 1988 at 9:15 a.m.