MULTICARE HEALTH CARE SERVICES, INC., Plaintiff,

v.

GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. CA 3-87-1536-G.

United States District Court, N.D. Texas, Dallas Division.

June 1, 1989.

Kelly D. McGehee, Kelly D. McGehee Inc., Dallas, Tex., for plaintiff.

James S. Maxwell, Stephen O'Rear, Godwin Carlton & Maxwell, Dallas, Tex., for defendant.

MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion for summary judgment of defendant General American Life Insurance Company ("General"). For the reasons stated below, the motion is granted in part and denied in part.

I. *Background*

This dispute arises from the treatment of Jimmy Lee Hill, for whom home health care was ordered. General issued an insurance policy to Jimmy's mother, Kimberly Hill. She assigned the benefits under it to plaintiff Multicare Health Care Services, Inc. ("Multicare"). General paid a portion of the benefits, but did not pay for the home health care services.

Shortly before trial was originally scheduled, General moved for leave to amend its answer to assert preemption under the Em-

ployee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and other ERISA-related defenses. At that time, General moved for summary judgment under ERISA. Multicare was then given leave to amend its complaint to assert claims under ERISA.

## II. *Analysis*

■ ERISA's civil enforcement provisions extend to assignees of benefits like Multicare. *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir.1988). Therefore, Multicare has derivative standing to pursue this suit.

### A. *Federal Preemption*

By the terms of 29 U.S.C. § 1144(a), ERISA preempts any claims which "relate to" an employee welfare benefit plan ("benefit plan"). However, state laws which "regulate[ ]" insurance are excepted from the preemption under 29 U.S.C. § 1144(b)(2)(A), the "savings clause." *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987).[1]

Multicare has argued that ERISA does not preempt its claims against defendant General under Texas Insurance Code Arts. 3.62 and 21.21 (Vernon 1981).[2] ERISA preempts the claim under article 3.62. *Juckett v. Beecham Home Improvement Products, Inc.*, 684 F.Supp. 448, 451–52 (N.D.Tex.1988).

The question of whether ERISA preempts Article 21.21 is more problematic. "Congress intended the ERISA preemption clause to have an expansive reach." *Cefalu v. B.F. Goodrich Company*, 871 F.2d 1290, 1293 (5th Cir.1989).

■ The court will assume, without deciding, that Art. 21.21 is a law regulating insurance within the meaning of the savings clause. Nevertheless, it is preempted under *Pilot Life*. Congress' clear intent was that the civil enforcement provisions of § 502(a) of ERISA would be the exclusive vehicle for suits by ERISA-plan participants and beneficiaries who asserted improper processing of benefit claims. 107 S.Ct. 1555–56. Thus, actions under state statutes which regulate unfair or deceptive insurance practices are preempted by ERISA when the actions are brought by plan participants or beneficiaries. *See Kanne v. Connecticut General Life Insurance Company*, 867 F.2d 489, 493–94 (9th Cir.1988) (applying this analysis to California Insurance Code § 790.03(h), the equivalent of Texas Insurance Code Art. 21.21); *Stone v. Blue Cross & Blue Shield of Connecticut*, Civ. No. N–88–147(AHN), slip op. at Westlaw p. 6, 1988 WL 146645 (*Pilot Life* preemption exists if state statute provides alternative remedies to the congressionally-intended exclusive civil enforcement scheme of ERISA § 502, applying analysis to Connecticut equivalent of Art. 21.21) (on Westlaw).[3]

Multicare pleads alternatively that it is the third party beneficiary of the insurance contract issued by General. First Amended Complaint ¶ 9. To the extent Multicare seeks to recover under a state law contract theory, the action is preempted by ERISA. *Pilot Life*, 107 S.Ct. at 1551–52.

### B. *Exhaustion of Liability*

■ Genuine issues of material fact remain with regard to whether General has exhausted its liability.

---

1. Under § 1144(b)(2)(B), the "deemer clause," state laws which purport to regulate insurance cannot deem a benefit plan to be an insurance company. *Pilot Life*, 107 S.Ct. at 1552. Whether an insurance company can be considered as acting in place of the benefit plan's trustees when processing and reviewing benefit claims, so as to protect the company under the deemer clause, is a separate issue. *Pilot Life*, 107 S.Ct. at 1558 n. 4.

2. Multicare characterizes those claims as arising against General as an insurance company, not

an ERISA fiduciary. First Amended Complaint ¶¶ 5–6. For purposes of § 1144(a) and (b)(2)(A), General's status is immaterial if the claims "relate to" a benefit plan. Those provisions are not restricted to defendants who are plan fiduciaries.

3. Multicare appears to argue that it can bring the statutory actions against General as an insurance company, not as an ERISA fiduciary. However, because the action "relates to" the employee welfare benefit plan, it is preempted under § 514(a).

### III. *Conclusion*

General is entitled to summary judgment that ERISA preempts Multicare's claims under state law (Texas Insurance Code Arts. 3.62 and 21.21 and breach of contract). In all other respects, however, its motion for summary judgment is DENIED.

SO ORDERED.