**BELMONT COMMUNITY HOSPITAL, Plaintiff,**

v.

**LOCAL UNION NO. 9, I.B.E.W. & OUTSIDE CONTRACTORS HEALTH & WELFARE FUND, Alicja Barry, and Dennis R. Barry, Defendants.**

**No. 89 C 7941.**

United States District Court, N.D. Illinois, E.D.

May 29, 1990.

---

Leonard Saphire–Bernstein, Albert Speisman, Speisman & Associates, Highland Park, Ill., for plaintiff.

Robert E. Fitzgerald, Jr., Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Local Union No. 9, I.B.E.W. & Outside Contractors Health & Welfare Fund (the "Plan"), to dismiss the complaint of plaintiff, Belmont Community Hospital (the "Hospital"). For the following reasons, the motion is denied.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hospital*, 788 F.2d 411 (7th Cir.1986). Accordingly, the facts are as follows. The Plan is an entity created under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant Alicja Barry had health insurance coverage through the Plan. On or about September 16, 1986, Mrs. Barry was admitted to the Hospital and received medical treatment totaling $1,912.40. Mrs. Barry executed an assignment of all rights, title and interest to reimbursement of medical costs by the Plan to the Hospital. Mrs. Barry timely filed her insurance claim with the Plan and the Hospital has demanded payment. To this point, the defendant has refused.

## DISCUSSION

The Plan has moved to dismiss plaintiff's complaint on two grounds: 1) that the Hospital, as an assignee of Mrs. Barry's rights, does not have standing to maintain a suit, under 29 U.S.C. § 1132(a)(1)(B), for benefits due under an ERISA plan; and 2) that the complaint fails to allege that the refusal of the Plan administrators to pay plaintiff was arbitrary and capricious. The court will deal with each issue separately.

■ As to the first issue, there is a split of authority as to whether a beneficiary under an ERISA welfare plan can assign his or her rights to health benefits. Defendant relies upon *Northeast Dept. ILGWU v. Teamsters Local Union No. 229*, 764 F.2d 147 (3rd Cir.1985) and *Nationwide Mutual Insurance Co. v. Teamsters Health and Welfare Fund*, 695 F.Supp. 181 (E.D.Penn.1988) in arguing that health benefits under ERISA cannot be assigned. The holding of the district court in the *Nationwide* case relies wholly upon the decision of the court in *Northeast*, which held that a participant or beneficiary under

an ERISA welfare plan cannot assign or subrogate his or her rights to ERISA benefits to another party. *Northeast,* 764 F.2d at 154, n. 6; *Nationwide,* 695 F.Supp. at 184. As stated by the *Northeast* court, "Congress simply made no provision in § 1132(a)(1)(B) for persons other than participants and beneficiaries to sue, including persons purporting to sue on their behalf." *Northeast,* 764 F.2d at 154, n. 6.

Plaintiff relies primarily on the case of *Kennedy v. Deere & Co.,* 118 Ill.2d 69, 112 Ill.Dec. 705, 514 N.E.2d 171 (1987) in arguing that ERISA benefits can be assigned [1]. In that case, the Illinois Supreme Court held that an assignment of ERISA health care benefits could take place, stating:

> From the statute's preamble it is clear that the principle concern of Congress in enacting ERISA was "to protect the interests of participants in employee benefit plans and their beneficiaries". Congress did not proscribe any qualifications for a beneficiary. Section 206(d) of ERISA (29 U.S.C. sec. 1056(d) (1982)) prohibits the assignment of pension benefits, but there is nothing in ERISA or in the legislative history showing a congressional intent to prohibit assignments of health care benefits or to limit the class of persons a participant is permitted to designate to receive benefits under a health benefit plan. (Citations omitted).

*Kennedy,* 118 Ill.2d at 73–74, 112 Ill.Dec. at 707, 514 N.E.2d at 173.

The *Kennedy* court, as well as a number of other courts so holding, rely to a great extent on the Ninth Circuit's decision in *Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374 (9th Cir.1986), in reaching this conclusion. There, a doctor provided dental care to a patient insured under an ERISA health plan and was given an assignment, by the patient, of the patient's rights to reimbursement from the plan. *Misic,* 789 F.2d at 1376. The *Misic* court, in holding that the assignment was valid under ERISA, extensively detailed the construction of the

statute by Congress. The court first noted the elaborate distinctions in the statute between pension benefit plans and health and welfare benefit plans. *Id.* After noting that a provision of ERISA, 29 U.S.C. § 1056(d), prohibits assignment of pension plans but specifically excludes welfare benefit plans from that section, the court then stated:

> "The absence of any reference in the statute to assignment of the right to reimbursement for welfare benefits is in striking contrast to the complex and extensive provision prohibiting assignment of pension benefits, obviously the product of careful consideration. The statute as a whole is 'comprehensive and reticulated.' In these circumstances, '[t]he assumption of inadvertent omission is rendered especially suspect.' The purpose of the anti-assignment provision [as to pension benefits] is '[t]o further insure that the employee's accrued benefits are actually available for retirement purposes' ... Neither the specific purpose of the anti-assignment provision nor the general goal of the statute would be served by prohibiting the type of assignments involved in this case—assignment to the person who provided the beneficiary with the health care of the beneficiaries' right to reimbursement for the cost of that health care ... Assignment of trust monies to health care providers results in precisely the benefit the trust is designed to provide and the statute is designed to protect."

*Id.; see also, Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1289–90 (5th Cir.1988); *Multicare Health Care Services, Inc. v. General American Life Insurance Co.,* 720 F.Supp. 581, 582 (N.D.Tex.1989); *Wisconsin Department of Health and Social Services v. Upholsterers International Union Health and Welfare Fund,* 686 F.Supp. 708, 713–14 (W.D. Wis.1988) (all holding that ERISA health

---

1. Plaintiff also relies on this court's decision in *Columbus, Cuneo, Cabrini Medical Center v. Traveler's Insurance Co.,* 725 F.Supp. 396 (N.D. Ill.1989). Such reliance as to this specific issue is a bit misplaced, as that case dealt solely with the interpretation of an assignment clause under Illinois law, and did not raise the issue now before the court.

and welfare benefits can be assigned to third parties).

Neither party has cited, nor can the court find, any binding authority in this circuit on this issue[2]. However, the court believes that, if faced with this issue, this circuit would find ERISA welfare benefits assignable. The court disagrees with the constricted view taken by the *Northeast* court, and its sister cases, and chooses to follow the position taken by the *Misic* and *Kennedy* courts.

As noted above, the purpose of ERISA is to protect the interests of employee benefit plans and their beneficiaries. The specific purpose of health and welfare benefit plans is to provide employees and their beneficiaries with reimbursement for medical care costs. Allowing assignment of reimbursements for health care costs fosters the policy behind ERISA, the protection of participants in employee benefit plans and their beneficiaries. *See*, 29 U.S.C. § 1001(b) (1982). As noted by the *Misic* court, "Such assignments also protect beneficiaries by making it unnecessary for health care providers to evaluate the solvency of patients before commencing medical treatment, and by eliminating the necessity for beneficiaries to pay potentially large medical bills and await compensation from the plan". *Misic*, 789 F.2d at 1377.

Adoption of this reasoning finds support in this circuit in the case of *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115 (7th Cir.1989). In that case, a beneficiary who had suffered a heart attack executed an agreement forfeiting his long term disability benefits. *Nichol*, 889 F.2d at 117. Later, he sought to have the contract invalidated, claiming that the agreement was in violation of his rights under ERISA, as he could not alienate those benefits. *Id.* at 118–19. The Seventh Circuit held, however, that the plaintiff could contractually alienate his benefits under ERISA. *Id.* at 121. The court noted that ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), specifically exempted welfare plans. *Nichol*, 889 F.2d at 119. The court went on to state:

> No other circuit has specifically considered the applicability of ERISA's anti-alienation provision to welfare benefit plans. In any event, the Supreme Court in *Mackey* has expressed the view, albeit in dicta, that the anti-alienation provision of ERISA section 206(d)(1) does not apply to welfare benefit plans. This is consistent with the plain language of the statute. We endorse the Supreme Court's view and conclude that ERISA's anti-alienation provision does not invalidate the severance at issue here.

*Id.* at 120–21 (citing *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988)).

The reasoning of this case, as it pertains to disability benefits, applies with even greater force to the assignment of welfare and health benefits. There is no statutory bar to the assignment of welfare and health benefits to health care providers. As in the *Mackey* case, Congress had the opportunity to limit assignment of welfare and health benefits under ERISA and chose not to do so. *Mackey*, 108 S.Ct. at 2189. This undermines the reasoning of those courts that have held welfare and health benefits unassignable due to an absence of statutory authority to assign benefits. Under the reasoning of *Misic*, and its progeny, it is not a statutory grant of authority, but rather the absence of a prohibition on assignation, in a comprehensive and highly detailed statute, which leads to the ability to assign ERISA welfare and health benefits. When the court considers all the factors before it, including the absence of a statutory bar and the public policies underlying ERISA welfare and health benefit plans, it becomes clear that the path chosen by courts which recognize the assignability of ERISA health benefits

**2.** The court notes that a sister court in this jurisdiction has dealt with this issue. In *Mutual Life Insurance Co. v. Yampol*, 8 E.B.C. 1005 (N.D.Ill.1988), Judge Leinenweber held assignments of certain ERISA rights to be invalid. However, that case was decided prior to the Seventh Circuit's opinion in *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115 (7th Cir.1989). Due to this fact, as well as other reasons described below, this court declines to follow the ruling in that case.

is the most prudent. Accordingly, the court holds that Mrs. Barry properly assigned her rights to reimbursement for health care costs to the plaintiff and that plaintiff has standing, under ERISA, to maintain this suit.

■ Defendant next moves to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6), for failure to state a claim. The Plan argues that, as plaintiff has failed to allege that the decision of the plan administrators to deny benefits to Mrs. Barry was arbitrary and capricious, plaintiff's complaint fails to state a claim. *See, Armbruster v. Benefit Trust Life Insurance Co.,* 687 F.Supp. 403 (N.D.Ill.1988). However, since the Supreme Court decision in *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the arbitrary and capricious standard is no longer the standard by which ERISA benefit decisions are judged. In *Firestone,* the Supreme Court rejected the arbitrary and capricious standard and held:

[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

*Firestone,* 109 S.Ct. at 956.

Applying the *Firestone* standard, a plaintiff no longer needs to allege an "arbitrary and capricious" decision on the part of plan trustees to withstand dismissal of a complaint. Therefore, defendant's reliance on *Armbruster* is mistaken, as that case is no longer good law.

■ Defendant seeks to distinguish the Supreme Court's holding in *Firestone* from the present case by arguing that the plan in this case *does* give plan administrators discretion, and therefore a plaintiff needs to allege an abuse of "discretionary

authority" to survive a motion to dismiss[3]. Defendant's Reply, p. 6. In support of this argument, defendant attaches the affidavit of Trustee Rawlings, stating that the document establishing the Plan gives Trustees discretionary authority. However, consideration of this affidavit at this point is improper. *Three D Departments, Inc. v. K Mart Corp.,* 670 F.Supp. 1404 (N.D.Ill. 1987). Defendant has brought this motion under Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which the claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus,* 603 F.2d 1266 (7th Cir.1979). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropolous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986).

■ Consideration of the affidavit submitted in opposition to plaintiff's complaint would necessitate conversion of this motion to dismiss to a motion for summary judgment. *American Academic Suppliers v. Beckly–Cardy, Inc.,* 699 F.Supp. 152, 154 (N.D.Ill.1988); Fed.R.Civ.P. 12(b). The court notes that defendant admits this, and indeed requests that the court convert the motion. However, conversion of this motion would require notice to the plaintiff, discovery and an adequate time to respond. *American,* 699 F.Supp. at 154–55; Fed.R.Civ.P. 56. Accordingly, the court declines to consider defendant's affidavit in the con-

---

3. The court notes that defendant has cited to the syllabus prepared by the Reporter of Decisions as authority for their argument. Defendant's Reply, p. 4. As noted at the bottom of the page in *Firestone,* 109 S.Ct. at 948, "The syllabus con-

stitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader." The court suggests that, when citing to authority, defense

text of this motion[4]. Taking the allegations of plaintiff's complaint as true, this court finds that the complaint alleges sufficient facts to state a claim.

Accordingly, for all of the reasons stated above, defendant's motion to dismiss is denied.

IT IS SO ORDERED

counsel cite to portions of the opinion actually written by the Court.

4. Both parties are, of course, free to file motions for summary judgment, if proper, later in this litigation.