18

T.J. KENNEDY, D.C., *et al.*, Plaintiffs-Appellants, v. DEERE & COMPANY, Defendant-Appellee.

Third District   No. 3—89—0169

Opinion filed December 8, 1989.—Rehearing denied January 22, 1990.

Francis Van Hooreweghe, of Moline, for appellants.

Hubbard B. Neighbour and Gary L. Sissel, both of Bozeman, Neighbour, Patton & Noe, of Moline (Robert J. Noe, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:
This action was initiated in 1983 and is before us on its second

tour of appellate review. Plaintiff chiropractors sued defendant Deere & Co. to recover health insurance benefits assigned to them by their patients, employees of the defendant manufacturer. Defendant is the plan administrator of its employees' health benefit plan, which plan is subject to the Federal Employee Retirement Income and Security Act (ERISA) (29 U.S.C. 1001 *et seq.* (1982)). In the first appeal we held that plaintiffs, as assignees of their patients, had standing to claim benefits pursuant to sections 1132(a)(1)(B) and 1132(e)(1) of the Act. (*Kennedy v. Deere & Co.* (1986), 142 Ill. App. 3d 781, 492 N.E.2d 119.) That decision was affirmed by the supreme court (118 Ill. 2d 69, 514 N.E.2d 171), and the parties thereafter resumed pretrial litigation in the circuit court.

Plaintiffs filed a fourth amended complaint in three counts. The court granted defendant's motion to dismiss counts I and III, sounding in discrimination, on December 30, 1988. Both parties then moved for summary judgment on count II, in which plaintiffs claimed breach of contract. The circuit court ultimately denied plaintiffs' motion and allowed partial summary judgment in favor of defendant on March 16, 1989. The circuit court ruled that plaintiffs' claims for outpatient physical therapy benefits were properly denied by Deere because Deere, *qua* plan administrator, had not arbitrarily or capriciously construed the relevant terms of the health benefit plan to deny coverage for physical therapy performed by chiropractors in their offices. Plaintiffs perfected this interlocutory appeal from that order.

Plaintiffs contend in this appeal that the circuit court applied the wrong standard in reviewing the plan administrator's decision, and that if the correct standard is applied, plaintiffs' claims would be covered by defendant's health benefit plan. Defendant contends that its health benefit plan has been consistently interpreted by the plan administrator to exclude coverage for physical therapy administered by the patient's treating physician in his own office; and that Deere and the United Auto Workers' Union confirmed this understanding in writing on March 5, 1985, and incorporated a letter to this effect in their collective bargaining agreement. Defendant posits that the circuit court's determination must be sustained under any appropriate standard of review.

The relevant section of defendant's health benefit plan provides as follows:

> "Outpatient physical therapy benefits will be payable for services performed for a period of 60 treatment days when prescribed by a physician for a specified condition resulting from

disease or injury or prescribed immediately following surgery related to the condition and when the physical therapy is performed in a nursing home or other facilities such as rehabilitation centers having comprehensive physical therapy facilities. Such services must be performed by a physician or a qualified physical therapist according to prescription from a physician concerning the nature, frequency and duration of treatment."

Defendant has taken the position that this section requires two licensed health care providers—one physician to write a prescription, and a second physician or physical therapist to administer the treatment. Accordingly, treating physicians' offices, including offices of osteopaths and chiropractors, have never been approved by Deere as "other facilities *** having comprehensive physical therapy facilities."

Plaintiffs contend that as chiropractors they are "physicians" by virtue of section 2(10) of the Medical Practice Act of 1987 (Ill. Rev. Stat. 1987, ch. 111, par. 4400—2(10)). They are qualified to both prescribe and perform physical therapy using equipment on the premises of their offices. By requiring them to refer their patients to outside therapists, they argue, Deere rewrites the health benefit plan.

Obviously, before considering the plan's language, we must determine the appropriate standard of review. That question was resolved by a decision handed down by the Supreme Court of the United States on February 21, 1989. (*Firestone Tire & Rubber Co. v. Bruch* (1989), 489 U.S. 101, 103 L. Ed. 2d 80, 109 S. Ct. 948.) Although neither the parties nor the circuit court had the benefit of the Supreme Court's decision when the parties' arguments on their motions for summary judgment were heard in March 1989, both parties acknowledge that the opinion must be considered in this appeal.

In *Firestone*, the Court stated:

"Consistent with established principles of trust law, we hold that a denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 103 L. Ed. 2d at 95, 109 S. Ct. at 956.

The plan in the case *sub judice* provides that

"[a]n Appeal Board shall be established for the purpose of resolving disputes concerning the interpretation of the provisions of the Health Benefit Plan. *** It is *** the intent of this procedure to establish a means of determining questions

or disagreements and to resolve disputes over the proper interpretation of the provisions of the Health Benefit Plan. *** Any dispute concerning the interpretation of the language in the *** Health Benefit Plan *** which cannot be resolved at the factory level may be referred *** to an Appeal Board. *** The Appeal Board shall consist of six (6) members, two (2) each from the International Union and from Deere & Company, and one (1) each from the respective factory and Local Union. *** If the Appeal Board is unable to resolve the dispute by majority vote of its members, then the Board shall adjourn pending the appointment of a seventh member, who at a subsequent meeting of the Board shall hear the positions of the Company and Union members and thereafter cast the deciding vote. This seventh member shall in all cases, absent agreement to the contrary, be the permanent arbitrator designated under the Labor Agreement between the parties. *** All decisions of any Appeal Board concerning interpretation of the language of any provision of the Health Benefit Plan *** shall thereafter govern the interpretation of the language of the Health Benefit Plan."

Obviously, the foregoing provisions do not purport to confer discretionary authority on the plan administrator to interpret the language of the health benefit plan. While such authority may be vested in the appeal board, it is clear to us that the appeal board, unlike the plan administrator (Deere & Co.), is so constituted to more fairly represent the employees in employer/employee disputes and, as such, would be subject to an administrative review standard. There is no allegation that the appeal board procedure was pursued in this case; in fact, the plan precludes an assignor's utilization of the plan's appeal procedures. Further, defendant does not point to any other provision of the plan that could be interpreted as granting discretionary authority to the plan administrator to interpret the health benefit plan's language. Rather, defendant attempts to equate the plan administrator with the appeal board to escape the *de novo* standard of review.

In our opinion, the *de novo* standard of review is clearly required here. Although plaintiffs urged the circuit court to apply a "sole benefit" standard, giving less deference to the employer's decision for the reason that denial of claims would benefit the employer to the detriment of the employees (see *Ahne v. Allis-Chalmers Corp.* (E.D. Wis. 1986), 640 F. Supp. 912), the record establishes that the circuit court applied the "arbitrary and capricious" standard in approving

the plan administrator's denial of plaintiffs' claims here.

■ Under the *de novo* standard, we find that plaintiffs' construction of the relevant provision should prevail. In reaching this conclusion we are mindful of the purpose for which ERISA was enacted, *i.e.*, " 'to promote the interests of employees and their beneficiaries in employee benefit plans,' *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983), and 'to protect contractually defined benefits,' *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. at 148, 87 L. Ed. 2d 96, 105 S. Ct. 3085." (*Firestone*, 489 U.S. at 113-14, 103 L. Ed. 2d at 94, 109 S. Ct. at 955.) We note that it is not at all uncommon in the offices of modern treating physicians to provide pharmaceutical and even surgical services on the premises. In effect, the dispenser of services in such cases is the alter ego of the treating physician, and that practice is the functional equivalent of plaintiffs in this case. Defendant's argument that its narrow, "two-physician" construction protects against overutilization of physical therapy does not convince this court that the underlying purpose of the health benefit plan and the legislation governing it is not better served by plaintiffs' broad reading of the provision at issue.

■ We have considered defendant's argument that plaintiffs are bound by the March 5, 1985, agreement between Deere and the UAW union, in which the employer and the union acknowledged that "the phrase 'other facilities such as rehabilitation centers having comprehensive physical therapy facilities' *** has always meant and will continue to mean those facilities that have already been approved by the Company and does not include the offices of medical doctors, chiropractors, osteopathic physicians or the offices of other similar providers." It is our understanding that no treating physicians' offices have been approved by Deere because the plan administrator interpreted the language of the physical therapy provision to require one health provider to perform the therapy based on a prescription from a different physician. Because we hold that a proper interpretation of the language of the health benefit plan provision in issue does not require that covered physical therapy treatments be restricted to those performed by physicians or therapists other than the prescribing physician, we find that the March 5, 1985, agreement is ineffective to preclude payment of plaintiffs' claims.

Whether, in fact, plaintiffs' offices are equipped as "comprehensive physical therapy facilities" remains a question that must be resolved on remand. We hold only that under the *de novo* review standard applicable to this case, plaintiffs' claims may not be denied

for the reason that physical therapy treatments were performed by plaintiffs in their own offices.

The judgment of the circuit court of Rock Island County is reversed.

Reversed; cause remanded.

WOMBACHER, P.J., and HEIPLE, J., concur.